The First National Bank of Centreville *v.* Gough *et al.*

| 61  | 147 |
| 124 | 357 |

---

THE FIRST NATIONAL BANK OF CENTREVILLE *v.* GOUGH ET AL.

MISTAKE.—*Reformation of Mortgage and Decree of Foreclosure.—Negligence.— Notice.—Assignment for Benefit of Creditors.—Pleading.*—A mortgage on a tract of real estate described as the "west middle division" of a certain quarter section having been foreclosed, the mortgagee commenced an action against the mortgagor and one to whom the latter, prior to such foreclosure, had made an assignment for the benefit of his creditors, of whom some, after the recording but prior to the foreclosure of the mortgage, had obtained judgments which were liens on his real estate. The complaint alleged such facts, and also that such mortgage, which was given to secure a prior existing indebtedness, was intended to cover a certain tract of land belonging to the mortgagor, in such quarter section, known as the "home farm," but that, by the inadvertence and mistake of the parties to the mortgage, and of the scrivener who drew the same, the description above set out was inserted; that such mistake was not discovered until after such foreclosure; and that such judgment creditors and the defendants had notice as to what property was intended to be mortgaged. Prayer, that the mortgage and decree be reformed so as to properly identify the mortgaged property.

*Held,* on demurrer, that such mistake was the result of negligence on the part of the mortgagee, was a mistake of law and not of fact which can not be relieved against, and that the complaint is insufficient.

From the Wayne Circuit Court.

*W. A. Peelle, T. J. Study* and *C. H. Burchenal,* for appellant.

*H. C. Fox, J. T. Dye* and *A. C. Harris,* for appellees.

PERKINS, J.—Suit to correct an alleged mistake.

The complaint states, that, on the 29th of April, 1873, Charles T. Gough was the owner of a certain tract of land, containing ninety-four acres, in the south-east quarter of section 21, township 16 north, of range 12 east, on which said Gough and wife then resided, which was known as the " Home Farm; " that it was all the land said Gough owned in said quarter section, and was designated on the treasurer's books for taxation, as the " west middle division of the south-east quarter of section 21, township 16, range 12, containing 95 acres; " that, on the day aforesaid, he, said Gough, owed the plaintiff five thousand dollars for money loaned, which he was unable then to pay; and, with his wife, Mary, then and there promised one Oliver T. Jones, who was then and there cashier of said plaintiff, and acting on behalf of said plaintiff, that, in consideration of the extension, by plaintiff, of the time of payment of the said debt for twelve months from and after said date, he, the said Charles, would execute to the plaintiff his note for $5,000, payable in twelve months, with 10 per cent. interest from date, payable quarterly in advance, and that they, the said Charles T. Gough and Mary C. Gough, would execute a mortgage, in due form of law, upon the ' Home Farm ' of said Gough, upon which he then resided, of 95 acres, to secure the payment of such note, according to the tenor and effect thereof.

The complaint further alleges, that, on said 29th of April, 1873, the defendant Charles T. Gough executed his note for five thousand dollars to the First National Bank of Centreville, Indiana, and, on the same day, executed to said bank, his wife joining therein, a mortgage to secure the payment of said note, upon the land described therein as follows, viz.: " West middle division of S. E. quarter, section 21, township 16, range 12, containing 95 acres; " which mortgage was recorded on the next day, April 30th, 1873.

The complaint alleges, that, by "the inadvertence and mistake of the parties, and of the scrivener who drew the mortgage," the words which should have followed the above description, viz.: "being the home farm of the said Charles T. Gough, upon which he now resides, and being all and the only land owned by said Gough in said quarter section," or words to that effect, were not inserted in the mortgage; that, in 1875, the plaintiff, said bank, instituted suit on said note and mortgage, and, on the 30th day of April, 1875, recovered a judgment thereon for five thousand four hundred and fifty-one dollars, and a decree foreclosing said mortgage, and for the sale of the property, etc., described in the mortgage, and containing the identical description of it contained in the mortgage.

The complaint further alleges, that, after the recording of said mortgage, but before the foreclosure thereof, various judgments, by third parties, were obtained against said Gough in the Wayne Circuit Court; and that, on the 4th day of March, 1875, nearly two months prior to the judgment in favor of the bank, said Gough made an assignment of all his property, under and pursuant to the statute of the State in such cases made and provided, for the benefit of his creditors, to John Kepler and two others, who are duly executing said trust.

The complaint further avers, that said creditors were chargeable with, and had, notice of the intention of the parties to said mortgage, as to the property to be covered by it; that the plaintiff did not discover the mistake till after the rendition of the decree of foreclosure, and not till shortly before the institution of this suit; and that the defendants refused to reform said mortgage or to assent to its reformation and the modification of said decree. "The plaintiff therefore prays the court to require the defendants to answer hereto; and, upon final hearing, will the court, by proper decree, cause the said mortgage to be reformed, and the said mistake and omission therein

to be corrected, by inserting therein, after the words of description of the mortgaged premises therein contained, and as a part of such description, the said words so omitted by mistake, to wit, the words ' being the home farm of the said Charles T. Gough, upon which he now resides, and being all and the only land owned by said Gough in said quarter section,' or words to that effect, or by so inserting the detailed description by metes and bounds, of the said lands herein set forth, or such other words as shall be proper and necessary, to identify the said land as the land the parties agreed, as aforesaid, was to be mortgaged to said plaintiff, and to make the said mortgage conform in all respects to the said agreement; and will the court also modify and correct the said decree of foreclosure, so as to conform the same to the said mortgage, as so reformed and corrected, and so that the same shall correctly describe and identify the said land, according to the said agreement and intention of the parties."

A demurrer to the complaint was sustained; the plaintiff declined to amend, and judgment was rendered, dismissing the suit with costs.

Exception and appeal.

Let us get a somewhat definite and concise statement of the facts of this case.

On the 29th day of April, 1873, Gough agreed to give, to the First National Bank of Centreville, a mortgage on the farm on which he resided, being an undefined part of a quarter section, to secure a prior existing debt. The mortgage was thereupon drawn up by a scrivener, as appears, in the presence of the parties. No formulated description of the property, to be inserted in the mortgage, had been agreed upon by the parties or prepared for the scrivener to copy. He, as we must presume, by their direction, incorporated the following into the mortgage, viz.: "West middle division of S. E. quarter of section 21, township 16, range 12, containing 95 acres."

There does not appear to have been any fraud, surprise or mistake in copying the description. The parties, in preparing the mortgage, did just what they intended to do. The mortgage was delivered immediately upon its execution, was received by the cashier for the bank, and the next day delivered to the recorder of the county. Two years after the execution of the mortgage, it was placed in the hands of an agent for foreclosure, and a decree of foreclosure was obtained. In the mean time, interests in the land supposed to be mortgaged had been acquired by third persons.

The mistake, it thus appears, in the preparation of the mortgage, was one of law, arising from the negligence of the parties in failing to acquire information as to the requisite description of the land to be inserted in the mortgage. They inserted a description such as they approved, but two years afterward found it was not full enough to identify the land, and now pray the court to insert for them such an addition as will effect such identification, and this after interests have been acquired by third persons in the land. And the ultimate question in the case to be decided by the court is: Should the prayer of the complainant be granted?

The preliminary questions are:

1st. Do the facts present a case in which a court of equity would supply the omission in this mortgage, as between the original parties, no rights of third persons intervening?

2d. Is it a case for equitable interference, the plaintiff having already taken a decree of foreclosure of the mortgage without asking for its perfection, the suit being one in which the perfection could have been decreed, if it were proper that it should be decreed? See *Miller* v. *Kolb*, 47 Ind. 220.

Waiving the discussion of these questions, it seems to us, that the carelessness and negligence of the plaintiff were such as justified the ruling of the court below in dismiss-

ing this case, in view of the fact that equal equities had attached to the land in question, in favor of third persons.

In *Taylor* v. *Fleet*, 4 Barb. 95, EDWARDS, J., states the rule of law on this subject to be as follows:

"To entitle a party to relief in a court of equity, on the ground of mistake, in a case free from fraud, the mistake must be, 1. As to a material fact constituting the very essence and condition of the contract. 2. The mistake must be of a fact of such a nature, that the party could not by reasonable diligence get knowledge of it, when put upon inquiry. 1 Story Eq. Juris., sec. 146."

In *Wood* v. *Patterson*, 4 Md. Ch. 335, the CHANCELLOR says:

"It is not, however, in every case of mistake, even of a material fact, that the court will grant relief, for if the mistake is the result of the party's carelessness, or inattention, the court will not interfere in his behalf, its policy being to administer relief to the vigilant and to put all parties upon the exercise of a reasonable degree of diligence."

Carelessness will not always be regarded in equity as a mistake. *Voorhis* v. *Murphy*, 11 C. E. Green, 434.

In *Diman* v. *The Providence, etc., R. R. Co.*, 5 R. I. 130, AMES, C. J., closes his opinion with this remark: "In cases like this, where there has been no intermixture of fraud or surprise to put the applicant for relief off his guard, we must invent a new head of equity before we can interpose to save him, to the injury of others, against the effects of his own carelessness."

In *Lamb* v. *Harris*, 8 Ga. 546, it is decided, that, "Where a party seeks to be relieved in equity, from the effect of a mistake, he must show due diligence on his part."

In *Nelson* v. *Davis*, 40 Ind. 366, this language is used: "The instrument speaks, for aught that appears, just as the parties desired that it should. The mistake, then,

if any was made, was a mistake of law as to the legal effect of the deed as executed."

See, also, *Murphy* v. *Hendricks*, 57 Ind. 593.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.