## EASTER *v.* SEVERIN ET AL.

MORTGAGE.—*Misdescription.*—*Complaint Against Subsequent Purchaser.*—*Notice.*—*Mistake.*—In an action against the mortgagor and a subsequent purchaser, to foreclose a duly recorded mortgage on real estate described therein as "three town lots, * being all the town lots owned by the" mortgagor, in a certain town, the complaint, without alleging any mistake in the drawing of the mortgage, alleged that the intention of the parties was to mortgage a certain tract of land adjoining said town, and that, as the purchaser well knew, such tract was all the land owned by the mortgagor in or about such town.

*Held,* on demurrer by the purchaser, that the complaint is insufficient.

*Held,* also, the contrary not being alleged, that he is presumed to be a purchaser for a valuable consideration.

*Held,* also, that the record of the mortgage was constructive notice of its own contents only.

*Held,* also, that a complaint to reform and foreclose such mortgage, for mistake, should allege a mutual mistake by the parties thereto, and that the purchaser had *actual* notice thereof.

From the Clay Circuit Court.

*B. F. Davis, B. Henderson* and *J. A. McNutt,* for appellant.

*I. M. Compton, G. A. Knight, C. Matson, W. W. Carter* and *S. D. Coffey,* for appellees.

Howk, C. J.—In this action, the appellees, partners under the firm name of Severin, Ostermeyer & Co., sued the appellant, Easter, and Adam and Eliza Starr, as defendants, in a complaint of two paragraphs, for the foreclosure of a certain mortgage and the recovery of the mortgage debt. The mortgage, dated October 30th, 1873, was executed by the defendants Adam Starr and Eliza Starr, his wife, to the firm of Severin, Ostermeyer & Co., to secure the payment of a note of the said Adam Starr, of the same date, for nine hundred dollars, and payable to said firm on or before April 1st, 1874. The mortgaged property was described in said mortgage as follows: "Three town lots in the Town of Benwood, being all the town lots owned by the said Adam Starr in the said town, situated in the county of Clay, in the State of Indiana."

The appellant answered the complaint by a general denial thereof. At the October term, 1874, of the court, on the 29th day of October, 1874, the defendants Adam and Eliza Starr were called and defaulted, and the cause was submitted to the court for trial. The court found for the appellees, that the facts alleged in their complaint were true, against the defendant Adam Starr for the amount due on his note, and against all the defendants, the appellant included, for the foreclosure of the mortgage; and the court rendered

judgment 'upon and in accordance with its finding, for the foreclosure of the mortgage, etc. On the next day, the appellant, Easter, moved the court in writing for a new trial, which motion was " granted upon the payment of all the costs by the defendant within forty days, and the court now grants each party leave to amend the pleadings herein, and this cause is continued."

Afterward, at the January term, 1875, of the court below, the appellees filed an amended complaint, in two paragraphs, against all the said defendants, the appellant included, upon the same cause of action described in the original complaint.

The appellant, Easter, demurred to each of the paragraphs of said amended complaint, upon the ground that, as to him, it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court as to each of said paragraphs, and to these decisions the appellant excepted, and then answered the complaint by a general denial thereof.

At the June term, 1875, of the court, the cause was tried by a jury, who returned into court their verdict, signed by "Robert Smith, foreman," in the following words, to wit: "We, the jury, find for the plaintiffs." Thereupon the appellant, Easter, moved the court, in writing, to set aside the verdict of the jury, which motion was overruled, and the appellant excepted.

The court then rendered judgment, that the appellees recover of the appellant their costs in this action expended, taxed at seventy-five dollars and seventy-five cents, and accruing costs, and the court then ordered and decreed that the appellant's equity of redemption, in and to the mortgaged premises in suit, should be forever barred and foreclosed. It was further ordered by the court, that the premises described in said order, or so much thereof as might be necessary, should be sold as other property was

sold on execution, and the proceeds of such sale should be "applied on the payment of this judgment, interest and all costs hereon."

From this judgment, the appellant, Easter, alone has appealed to this court, and has here assigned, as errors, the following decisions of the circuit court:

1.   In overruling his demurrer to the first paragraph of the last amended complaint;

2.   In overruling his demurrer to the second paragraph of said complaint;

3.   In rendering judgment against him for all the costs of the appellees, and in decreeing the sale of his lands to pay said costs;

4.   In overruling his motion for a new trial; and,

5.   In rendering judgment against him alone on the verdict of the jury.

In the first paragraph of their amended complaint, the appellees alleged, in substance, that, on the 30th day of October, 1873, the defendant Adam Starr, by his note of that date, a copy of which was therewith filed, promised to pay the appellees nine hundred dollars, on or before April 1st, 1874, with ten per cent. interest, and five per cent. attorney's fees if suit were instituted thereon, and that the same was due and wholly unpaid; that, at and before the date of said note, the said Adam Starr was the owner in fee and in the actual possession of the following described real estate in Clay county, Indiana, to wit: Commencing 18 rods west of the north-east corner of the west half of the north-east quarter of section 20, township 13 north, of range 6 west; thence south 18 rods; thence east 8 rods and 6 inches; thence north 9 rods; thence west 66 feet; thence north 9 rods; thence west 66 feet, to the place of beginning, containing three-fourths of one acre; that said land, prior thereto, had been divided by said Starr into three town lots, all of which were included and situ-

ated in the town of Benwood and its additions, in said Clay county, but had not then, nor since to the appellees' knowledge, been numbered; that, on said 30th day of October, 1873, the said Adam Starr and Eliza Starr, his wife, executed to the appellees a mortgage on said real estate, to secure the payment of said note when it became due, a a copy of which mortgage was filed with and made part of said paragraph; that said land was described in said mortgage as "three town lots in the town of Benwood aforesaid, being all the town lots owned by the said Adam Starr in said town," and the appellees alleged that said land was all the town lots owned by said Adam Starr in said town of Benwood, at the time of the execution of said mortgage; that said mortgage was duly recorded in the recorder's office of said Clay county, on the 1st day of January, 1874; and that since the execution of said mortgage to the appellees, to wit, on the —— day of ——, 187—, the said Starr and wife conveyed said lots to the appellant, Easter, but at what particular date, or by what description, the appellees could not state, for the reason that the appellant had withheld his deed from the records of said county. Wherefore, etc.

In the second paragraph of the complaint, in addition to the facts stated in the first paragraph, it was alleged, that the real estate described in said paragraphs was a small strip of land, lying between the original plat of the town of Benwood and Bailey's addition thereto; that, long before the date of the mortgage sued on, the said strip of land had been divided by said Starr into three separate town lots, which were known and designated by all those acquainted with the same, as town lots in the town of Benwood, but had never been designated as such by numbers; that, at the time of the execution of the mortgage in suit, the said Adam Starr owned no other town lots in or about the town of Benwood, nor had he, at any time before or

since the date of said mortgage, owned any other town lots, or other real estate, in or about the town of Benwood, than that described by courses and distances, in the appellees' complaint; that the appellant was, at the time and since, the brother-in-law of said Adam Starr, and a frequent visitor to the house, and well acquainted with the real estate owned by said Adam, and well knew that he owned no other real estate in or about the town of Benwood than that described in said complaint, at and before he took his deed of said land, and he might or could have known, by an examination of the appellees' mortgage or the record thereof, that the mortgage did, or was intended to, cover the land described in said complaint, and so conveyed to him; and that the appellant had full notice of said mortgage, at and before he took said deed.

We may properly consider the legal sufficiency of the two paragraphs of the appellees' complaint, at one and the same time, and in the same connection; because, as it seems to us, the objections urged to one apply with equal force to the other of the said two paragraphs. The same causes of action are stated, and the same relief is demanded, in the one as in the other paragraph of the complaint. The property described in the mortgage sought to be foreclosed is three town lots in the town of Benwood. The property owned by the appellant is three-fourths of one acre of land, specifically described by courses and distances in the complaint, not platted into town lots and recorded, and not within the town of Benwood. The appellees did not allege, in terms, in either paragraph of their complaint, that there was any mistake in the mortgage sued upon, in the description of the mortgaged property or otherwise. The description in the mortgage is so vague and uncertain in its terms, that it can not and does not apply to any specific property, and certainly not to property outside of the town of Benwood.

It must be assumed, as against the appellees, as they do not allege the contrary in either paragraph of their complaint, that the appellant was a *bona fide* purchaser, for a valuable consideration, of the land particularly described in their complaint, and without actual knowledge of any claim or lien in favor of the appellees, by mortgage or otherwise, on that land. The record of the appellees' mortgage was constructive notice only of the contents of such record; and it was not alleged, in either paragraph of the complaint, that the appellant had any other notice than constructive notice of such mortgage. Constructive notice of a mortgage on three town lots, in the town of Benwood, is certainly not constructive notice of a mortgage on lots or lands outside of said town of Benwood.

It seems to us, that the appellees' mortgage can not be foreclosed as against the appellant, or against the land owned by him, until it has been so reformed by the judgment of the proper court, that it will cover the specific land which, the appellees allege, it was intended to cover thereby. If, by the mutual mistake of all the parties to such mortgage, as to any matter of fact, the lots or lands intended to be embraced in the mortgage were not embraced therein, the appellees might, perhaps, upon a proper showing of the facts in regard to such mistake, obtain a reformation of the mortgage, so that it would contain a correct description of such lots or lands. Upon proper allegations of such mutual mistake, in their complaint in this action, the appellees might, perhaps, have obtained a judgment for the reformation of the mortgage, the correction of the description of the mortgaged property, and for the foreclosure of the mortgage as reformed, and the sale of the property by the corrected description thereof.

It seems clear to us, that each of the paragraphs of the appellees' complaint failed to state a cause of action against the appellant, in this, that it did not allege a mutual mis-

take of fact in the mortgage in suit, by all the parties thereto, and that the appellant had actual knowledge of such mistake, at the time he received his deed of the real estate described in said paragraphs. *Nelson* v. *Davis*, 40 Ind. 366; *Allen* v. *Anderson*, 44 Ind. 395; *Baldwin* v. *Kerlin*, 46 Ind. 426; *Nicholson* v. *Caress*, 59 Ind. 39; and, *The First National Bank of Centreville* v. *Gough*, 61 Ind. 147.

In our opinion, the court below erred in overruling the appellant's demurrer to each paragraph of the complaint.

Our conclusion, in regard to the insufficiency of the complaint, renders it unnecessary for us to consider now either of the last three errors assigned by the appellant.

The judgment against the appellant is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to each paragraph of the amended complaint, and for further proceedings.