No. 8483.

EASTER v. SEVERIN ET AL.

SUPREME COURT.—*Practice.*—*Co-parties on Appeal.*—*Waiver of Objection for Want of Parties.*—Where one of several parties, plaintiff or defendant, appeals to the Supreme Court, he is only required, by section 551 of the code of 1852 (section 635, R. S. 1881), to give notice of his appeal to his co-parties, if any, in the judgment appealed from; and if the cause is submitted by agreement in the Supreme Court, without an objection then made of the want of proper parties, such objection is thereby waived.

MISTAKE OF FACT.—*Reformation of Deed or Mortgage.*—Where it appears that, by the mutual mistake of all the parties to a deed or mortgage as to matters of fact, the instrument does not conform to or express their intention and agreement, a court of equity will reform the instrument by correcting such mistake.

MISTAKE OF LAW.—But where it is sought to reform an instrument on the ground of mistake, and it does not appear that the instrument does not contain the precise language the parties intended it should contain, the mistake, if any, is a mistake of law as to the legal effect of such language; and for mistakes of law, except under peculiar circumstances not shown to exist in this case, a court will afford no relief.

From the Clay Circuit Court.

*J. A. McNutt*, for appellant.

*G. A. Knight* and *C. H. Knight*, for appellees.

HOWK, J.—This is the second time this cause has been before this court. The opinion and judgment of the court, when it was first here, are reported in *Easter* v. *Severin*, 64 Ind. 375.

The appellees sued the appellant, and Adam and Eliza Starr, as defendants, for the foreclosure of a certain mortgage and the recovery of the mortgage debt, in a complaint of two paragraphs. It was alleged in each paragraph of the complaint, that the mortgage in suit was executed by the defendants Adam and Eliza Starr, to secure the payment of the note of said Adam Starr, on certain real estate, particularly described, in Clay county; that said mortgage was duly recorded in the recorder's office of said county, on January 1st, 1874; and that afterwards the said Adam and Eliza Starr conveyed the mortgaged premises to the appellant. At the October term, 1874, of the court below, the appellees recovered a judgment by default against the said Adam and Eliza Starr, for the amount due and for the foreclosure of the mortgage and sale of the property. The appellant appeared, and at the June term, 1875, the cause as to him was put at issue, and the trial thereof resulted in a verdict for the appellees; upon which the court rendered judgment that they recover of the appellant their costs, and decreed that his equity of redemption in the mortgaged premises should be forever barred and foreclosed. From that judgment the said Easter alone appealed to this court, and as to him alone the judgment below was reversed, as will be seen from the opinion of the court on that appeal, in 64 Ind. 375. In that opinion

will be found a full statement of the pleadings and proceedings in the case, to which we refer.

When the cause was remanded the appellees filed an amended complaint, to which the appellant's demurrer, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to this ruling he excepted. He then answered the amended complaint by a general denial thereof. The issues joined were tried by a jury, and a verdict was returned for the appellees; and over the appellant's motion for a new trial and his exceptions saved, judgment was rendered on the verdict, in accordance with the prayer of the amended complaint.

On this appeal, the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrer to the amended complaint; and,

2. In overruling his motion for a new trial.

Before considering either of these alleged errors it is proper that we should dispose of a point made by the appellees' counsel, in their brief of this cause. Counsel say: "This record shows that Starr and wife are necessary parties to be joined in the appeal in this case, and not having been joined and notice served upon them, as provided by section 551 of the code, we insist that this court should dismiss this appeal." We do not think that this point is well taken. The judgment in the record in this case is a judgment against the appellant only, and he alone had the right to appeal therefrom. The fact that Starr and his wife had previously been his co-defendants in this action, neither authorized nor required the appellant to notify them of his appeal. They were not the appellant's co-parties in the judgment appealed from, within the meaning of section 551 of the code. *Hammon* v. *Sexton*, 69 Ind. 37. Besides, the record shows, that this cause was submitted to this court by agreement, without any objection thereto by the appellees for the want of proper parties. This was a waiver of the objection since urged, that Starr and

his wife were necessary parties to this appeal. *The People's Savings Bank, etc.,* v. *Finney,* 63 Ind. 460. The objection can not be sustained.

1. We pass now to the consideration of the question presented for decision by the first alleged error, namely, the sufficiency of the facts stated in the amended complaint to constitute a cause of action. In this complaint, after averring the execution of the note in suit by said Adam Starr, the appellees alleged in substance, that at the date of said note the said Starr was the owner of the following real estate in Clay county, Indiana, to wit: A strip or parcel of land commencing eighteen rods west of the north-east corner of the west half of the north-east quarter of section 20, in township 13 north, and range 6 west, and running thence south eighteen rods, thence east eight rods and six inches, thence north nine rods, thence west sixty-six feet, thence north nine rods, thence west sixty-six feet, to the place of beginning, and containing three-fourths of an acre, more or less; that prior to said date said Starr had divided said land into three town lots, adjoining or near to the town of Benwood, and the additions thereto, which were not at the time nor since numbered as town lots; that on October 30th, 1873, the said Adam and Eliza Starr, then being in Illinois, and intending to execute to the appellees a mortgage thereon, as security for the payment of said note of said Adam Starr, did execute in due form of law a mortgage to appellees, but, through the mutual mistake and inadvertence of all the parties thereto, erroneously described said real estate, as "Three town lots in the town of Benwood, aforesaid, being all the town lots owned by said Adam Starr in said town."

The appellees further averred, that all the parties to said mortgage intended, at the time of its execution, to describe the real estate first set out in the complaint; that said mortgage was duly recorded in the recorder's office of said county, on January 1st, 1874; that on December 8th, 1873, the said Adam Starr and his wife conveyed the said real estate to the appel-

lant, who, at the time of receiving his deed therefor, well knew that the appellees' mortgage was intended by all the parties thereto to cover and include the said real estate ; that the appellant took his said deed from said Starr and wife with full knowledge of the mistake and inaccurate description in said mortgage ; that the appellant paid no present consideration for said real estate when said deed was made to him, but that he took said land on an indebtedness of said Adam Starr to him, and well knew that the appellees held a mortgage which was intended by all the parties thereto to include and embrace the said first described real estate, and no other. Wherefore the appellees asked that said mortgage be reformed, and the description of the real estate therein be corrected, as first set out and described in said complaint ; and, when so corrected, that the said mortgage be foreclosed and the real estate be ordered to be sold to satisfy the sum found to be due on said note, and for all other proper relief.

Did this amended complaint state sufficient facts, in regard to the alleged mistake in the mortgage in suit, to entitle the appellees to a correction of such mistake and a reformation of the mortgage, as against the appellant? This question is fairly presented for decision by the alleged error of the court in overruling the appellant's demurrer to the complaint. When this case was first here, the court said : "It seems to us, that the appellees' mortgage can not be foreclosed as against the appellant, or against the land owned by him, until it has been so reformed by the judgment of the proper court, that it will cover the specific land which, the appellees allege, it was intended to cover thereby. If, by the mutual mistake of all the parties to such mortgage, as to any matter of fact, the lots or lands intended to be embraced in the mortgage were not embraced therein, the appellees might, perhaps, upon a proper showing of the facts in regard to such mistake, obtain a reformation of the mortgage, so that it would contain a correct description of such lots or lands. Upon proper

allegations of such mutual mistake, in their complaint in this action, the appellees might, perhaps, have obtained a judgment for the reformation of the mortgage, the correction of the description of the mortgaged property, and for the foreclosure of the mortgage as reformed, and the sale of the property by the corrected description thereof."

When the cause was remanded, the appellees acting, probably, upon the suggestions quoted from the former opinion of this court, filed the amended complaint, a summary of which we have given. It is earnestly insisted by the appellant's counsel that this amended complaint fails to show, by the facts alleged therein, such a mistake in the mortgage in suit as a court of equity will correct, and reform the instrument. Counsel says: "The appellees do not aver that they were ignorant of any fact; for aught that is shown by the pleading, all the parties to the mortgage knew the exact situation, location and condition of this strip or parcel of land, and its relation to the town of Benwood; knew at the time they drew the mortgage that the strip had not been platted, numbered or recorded, or anything done to constitute this strip, thus divided into three parcels, town lots. But did not their mistake arise out of the fact that they were ignorant of what it took in law to constitute a town lot? and did they not, purposely and intentionally, insert in the description in the mortgage the language, ' three town lots in the town of Benwood,' believing and understanding that that description would identify and pass the title to this strip of land; that by such description they could create a mortgage on this strip or parcel of land, near Benwood? The mistake they made was as to the legal effect of the description inserted. They nowhere aver that they intended to insert any other or different description; that they formulated any other description, and that the draftsman, by mistake, inserted any different description from that which they gave him. In a word, they do not aver that ' anything was omitted in the mortgage that was directed

to be inserted, or that anything was inserted contrary to the direction of the parties.'"

These are the points made by the appellant's counsel, in argument, and it seems to us they are well made. The mortgage in suit, for aught that is alleged in the amended complaint, contains the precise description of the real estate which the parties intended, at the time of its execution, it should contain. "The mistake, then, if any was made, was a mistake of law as to the legal effect" of the mortgage as executed. *Nelson* v. *Davis*, 40 Ind. 366. In *Allen* v. *Anderson*, 44 Ind. 395, the allegations in the pleading under consideration were similar to those in the complaint in this case, and the court there said: "The mistake must be one of fact, and not of law. It must be shown that words were inserted that were intended to have been left out, or that words were omitted which were intended to be inserted." And further, "It appears to us that there was a greater mistake of law than of fact. It is not alleged that the parties were ignorant of what was in the deeds." To the same effect, substantially, are the following cases in this court: *Baldwin* v. *Kerlin*, 46 Ind. 426; *The First National Bank, etc.,* v. *Gough,* 61 Ind. 147; *Toops* v. *Snyder,* 70 Ind. 554.

In the case at bar, it is not pretended or claimed in the amended complaint, that all the parties to the mortgage in suit did not know, at the time of its execution, the exact language used therein. But they have since discovered that Adam Starr did not own any real estate embraced in or covered by the description used in the mortgage in suit. Therefore the appellees have asked, in their complaint, not to correct the description in the mortgage, but to strike it out, and, in lieu thereof, to insert in such mortgage a description which does not cover any lots or lands in the town of Benwood, but will embrace some real estate near that town. The mistake stated in the amended complaint can not be regarded, therefore, as a mistake as to any matter of fact, but only as to the legal effect of the language used in the mortgage. We do not understand it to be the province of a court of equity, or that

it has the power, to relieve parties from the effects of such a mistake, in the manner and to the extent asked for by the appellees in their amended complaint.

We are of the opinion, therefore, that the court erred in overruling the appellant's demurrer to the amended complaint.

Our conclusion in regard to the insufficiency of the amended complaint, in this case, renders it wholly unnecessary, and perhaps improper, for us to consider now and pass upon any of the questions presented and discussed by counsel, under the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

ELLIOTT, C. J., and WOODS, J., dissent.