Morrison *et al.* *v.* Collier.

No. 8511.

MORRISON ET AL. *v.* COLLIER.

| 79 | 417 |
| 164 | 347 |
| 79 | 417 |
| 169 | 551 |

PLEADING.—*Complaint Cured by Verdict.*—A cause of action, though defectively stated, if not tested by demurrer, will be upheld after verdict.

MISTAKE.—*Description of Land in Deed.—Pleading.—Vendor and Purchaser.*— In an action between vendee and vendor to correct a mistake in the description of land, it is enough to show that the parties agreed about and intended the deed to describe a specific piece of property, and that, by their mutual mistake and the mistake of the scrivener, it was not properly described. It is not necessary that the parties shall have agreed upon the particular words to be used, and that by mistake other words were used instead.

SAME.—*Deed.—Correction.—Judgment Lien.—Execution.—Negligence.—Good-Faith Purchaser.*—As between the immediate parties to a deed, a description will be corrected, though the mistake arose from negligence, and one who obtains a judgment lien and an execution against the property is not a purchaser for value, whose rights will be preferred to a vendee who before the date of the judgment had paid the price and received a deed intended, but which by mistake failed, to convey the property. The rule that equity will not aid the negligent does not apply in its fullest sense to the correction of mistakes merely in description of the property contracted about.

SAME.—*Statute of Frauds.—Personal Privilege.*—The correction of mistakes of description in a deed of land is not forbidden by the statute of frauds; and, if it were, the right to plead the statute is personal, and does not belong to a stranger.

PRACTICE.—*Instructions.—Entry by Clerk.*—Instructions can not be made a part of the record by recitals of the clerk entered upon the transcript.

From the Hancock Circuit Court.

*J. A. New* and *C. E. Barrett,* for appellants.

*C. G. Offutt, R. A. Black* and *W. P. Bidgood,* for appellee.

WOODS, J.—Jane Collier, the appellee, brought this action against the appellant Morrison, and three others, to correct an alleged mistake in the description of land conveyed, or intended to be conveyed, to her by the defendants John R. and Ruth J. Collier, and to enjoin the sale of the land by the sheriff upon an execution in favor of Morrison against John R. Collier. Issues of fact were formed and a jury trial had,

resulting in a verdict for the plaintiff. The court overruled a motion in arrest and gave judgment upon the verdict. The other defendants having refused to join in the appeal, Morrison has assigned as error the overruling of his motion in arrest, and that the complaint does not state facts sufficient to constitute a cause of action against him.

It is well settled that a complaint which shows a cause of action, though defectively stated, will be upheld after verdict in favor of the plaintiff, if not tested by demurrer. *Trammel* v. *Chipman,* 74 Ind. 474; *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110; *Indianapolis, etc., R. R. Co.* v. *McCaffery,* 72 Ind. 294.

The principal objection made to the complaint is, that it does not show such a mistake as to entitle the plaintiff to relief; that there is no averment that the scrivener did not embody in the deed just what the parties intended, and that the mistake alleged is a mistake of law and not of fact.

The averments in this respect are as follows: That on the 31st day of August, 1878, the defendant John R. Collier was the owner in fee simple and in possession of the following described real estate, in Hancock county, Indiana, to wit: A middle division of the west half of the southeast quarter of section eleven (11), etc., particularly described as follows (and here is given a description by metes and bounds), and on a day named entered into a contract with the plaintiff whereby he agreed to convey to her the said tract of land in consideration of $1,000, and on the 31st day of August, 1878, made to her a deed with covenants of general warranty, in which his codefendant and wife joined, thereby intending to convey the real estate aforesaid pursuant to the terms of their contract, but that by the mutual oversight, inadvertence and mistake of the plaintiff and the said John R. and Ruth J. Collier, as also of the scrivener employed by them to draft the deed, the land was mistakenly and erroneously described as follows, to wit: The southeast division of the west half of the southeast quarter of section eleven (11), etc., the words " the southeast

division" being mistakenly and erroneously inserted instead of the words "a middle division," which were omitted, as were also the words and figures more particularly bounding and describing the same as hereinbefore contained, which omitted words and figures are a necessary and material part of the description.

The complaint is not subject, in our judgment, to the objections made. It shows a contract between the parties for the conveyance of a specific property, which is described in general terms and by definite metes and bounds. As to the general description, it is alleged that by the mutual mistake of the parties, as well as by the mistake of the scrivener, specified words were omitted and other words of a quite different sense inserted, and that the particular description, by the same mistake, was omitted entirely. This is the statement of a mistake of fact, and not merely of a mistaken legal conclusion, and would seemingly have been good on demurrer. It is certainly sufficient after verdict. It is further insisted that the mistake must have been of such a nature that the party seeking relief could not by reasonable diligence have got knowledge of it when put on inquiry; and to this point are cited, Story Eq. Juris., sec. 146, and *First Nat. Bank, etc.,* v. *Gough,* 61 Ind. 147.

It may be observed that in the case last cited the court expressly passes by, without deciding, whether upon the facts stated the court would have supplied the omission in the mortgage as between the original parties. The mortgage had been given to secure a pre-existing indebtedness; third parties had acquired judgment liens, which were, therefore, just as meritorious and as much entitled to be preserved as was the claim of the alleged mortgagee, and, this being so, it was held that the negligence of the plaintiff was such as to forbid the granting of equitable relief.

The plaintiff in this case, however, was a purchaser for a price which, though not expressly averred to have been paid, after verdict will be presumed to have been paid. The appellant had acquired a judgment, and indeed had caused his

execution to be issued and levied upon the land, but this did not make him a good-faith purchaser for value, or give him an equity equal to that of a purchaser, who had received a conveyance, though with a misdescription of the property, and presumably had paid the purchase price and taken possession.

The passage from Story, which is referred to, was not written in reference to the correction of mistakes in written instruments, as is shown by the illustration which immediately follows in the same section, namely: "Thus, if a party has lost his cause at law from the want of proof of a fact, which by ordinary diligence he could have obtained, he is not relievable in equity; for the general rule is, that if the party becomes remediless at law by his own negligence, equity will not relieve him." Thus applied, the doctrine is indubitably sound and rests upon considerations of public policy as well as of private right. There would be no end to litigation if a party might neglect his suit at law in the expectation that, upon a future discovery of something to his advantage, he could resort to equity for relief.

In some sense, the same rule may doubtless apply and does apply to the correction of mistakes in the terms of deeds and other written instruments. A party may not carelessly sign a contract and then obtain its reformation in respect to its terms and conditions; but to say that in respect to the mere description of the subject-matter of the contract, the property intended to be conveyed, mortgaged or contracted about in any way, there can be no relief unless particular words of description had been agreed upon and others used by mistake in their stead, and unless the mistake was of such a nature that the party could not by reasonable diligence obtain knowledge of it, when put upon inquiry, would, in many, if not in most, instances, be to deny relief entirely. The act of making or accepting a deed or contract puts the party upon instant inquiry; and so the making of a mistake becomes necessarily, as, indeed, in most cases doubtless it is in fact, an act of negligence, a failure to exercise reasonable care; so that, under the rule

contended for, the fact which ordinarily makes relief necessary makes it impossible.

There can be no good reason, as it seems to us, for refusing to correct mutual mistakes in matters of description on account of the negligence which caused the mistake, so long as equal or superior rights of third parties have not intervened. Upon the face of the complaint in this case, it does not appear that any such equity had arisen, and therefore, after verdict at least, the complaint is sufficient in this regard.

It is next insisted that the statute of frauds applies; that the contract for the conveyance was not in writing; that the deed as made does not describe the land sought to be embraced in the corrected description; and that, consequently, the granting of the relief prayed would be to enforce, in disregard of the statute, a parol contract for the sale of real estate. The statute, however, does not apply to the correction of mistakes in description, and, if it did, the appellant could not interpose it. The parol contract is not void, and whether it shall stand depends on the choice of the parties. It is the personal privilege of a party, his privies or representatives, to abide by or repudiate his contract within the statute, and a mere stranger may not interfere to prevent the performance.

It is upon the distinction between matter of description and the substance of a contract or deed, that it has been held that as to the description of the property the deed of a married woman may be corrected, though it has not been, and probably would not be, held that in any other respects the courts could enforce a correction of her contracts concerning real estate.

Error is claimed in the refusal of the court to give certain instructions, but the question is not properly presented. In the transcript is the following, inserted in a parenthesis: "The court on its own motion gave to the jury the following instructions, which were filed with the other instructions in this cause, but not made a part of the record by bill of exceptions or order of the court, but copied into the record by request of attorneys for defendant Morrison.——Clerk;" and immedi-

ately following the instructions, which are here set out, is the further parenthetical statement by the clerk: " And these are all the instructions given in the cause.——Clerk." Then follow the instructions which were refused.

It is not competent for the clerk to supply the. want of a bill of exceptions by statements such as these. We can not, therefore, say, upon this record, what instructions were given by the court, nor that there was error in refusing those asked by the appellants. Besides the evidence is not in the record.

Judgment affirmed, with costs.