Craven *et al. v.* Butterfield, Receiver, *et al.*

No. 8696.

CRAVEN ET AL. *v.* BUTTERFIELD, RECEIVER, ET AL.

80  508
131  599

MORTGAGE.—*Reformation.—Mistake.—Description.—Complaint.*—A complaint to reform a mortgage as to a mistake in describing the land and to foreclose it against the mortgagor and C., a junior vendee, was in the usual form, with averments as to the mistake, describing the land intended by metes and bounds, containing twenty-seven acres ; that this was the only land owned by the mortgagor in the section named in the mortgage ; that this was the land which the parties agreed and intended to describe, but the same was omitted by mistake of the scrivener, and that C. had notice and bought subject to the mortgage.

*Held,* that the complaint was sufficient on demurrer.

SAME.— *Verdict.— Interrogatories.—* In such case, the general denial being pleaded, the jury found a general verdict for the plaintiff, and, in answer to interrogatories, that there was no mistake; that the mortgage was written according to instructions ; that the mortgagee only owned twenty-six acres in the section mentioned in the mortgage, but that the mortgagor intended and directed that the mortgage include the twenty-six acres, and C. had notice that the twenty-six acres were embraced in the mortgage.

*Held,* that C. was not entitled to judgment, notwithstanding the general verdict.

SAME.—*Evidence.*—In such action, the evidence showed that the description in a mortgage was written according to directions, thus : " 27 acres, fractional section 15, town 8 south, of range 11 west," and that all parties were satisfied with it when executed; that the mortgagor owned 26 acres in the section, but not 27 acres.

*Held,* that there was a failure of proof of such a mistake as will warrant a reformation of the mortgage.

*Held,* also, that a verdict having been found for the plaintiff, it was error to refuse a new trial.

*Held,* also, that the description was void for uncertainty, and not merely defective.

From the Vanderburgh Circuit Court.

*P. Maier, J. E. McDonald, J. M. Butler, G. C. Butler* and *F. B. McDonald,* for appellants.

*S. R. Hornbrook, A. Gilchrist, C. Denby* and *D. B. Kumler,* for appellees.

BICKNELL, C. C.—The appellee, as receiver of the firm of Craven, Schenck & Co., brought this suit to reform and foreclose a mortgage, executed by one of the firm, B. F. William-

son, and by his wife, to the firm, to secure Williamson's note to the firm for $2,000. Each of the partners, pursuant to an agreement, had executed to the firm a similar note; these notes were to be held as a reserved fund, subject to the liabilities of the firm. The amended complaint was in two paragraphs, of which the second was withdrawn.

The members of the firm were Joseph Schenck, James Craven, Ezra J. Gerard, Benjamin F. Williamson and John Robertson. Of these, Williamson and Craven, with their wives, were made defendants; the other defendants were Carson, Hille, Rahm, Sr., and Rahm, Jr., who were alleged to be claiming some interest in the premises mortgaged.

The amended first paragraph of the complaint set forth the note and mortgage, and averred that the amount due thereon was $1,700, and $150 for attorney's fees. The description of the land in the mortgage is as follows: "Twenty-seven acres, fractional section fifteen (15), town eight (8) south, of range eleven (11) west."

The said amended first paragraph of complaint averred that all the assets of said firm had been exhausted except said reserved fund, and gave a particular description of said twenty-seven acres, by metes and bounds, and averred that said twenty-seven acres were all the land owned by Williamson in said fractional section 15, and were then occupied by him as a place of residence; and that it was the intention and agreement of the parties to the mortgage, to embrace therein all the land then owned in said fractional section fifteen by said Williamson; and that it was also their agreement and intention to put said particular description in the mortgage, but the same was, "by mistake of the scrivener, omitted, and the general description inserted." It was further averred in said first paragraph, that twenty-six acres, a part of the land above described, had been sold to said James Craven, "who had notice and full knowledge of the land embraced by said mortgage," and "purchased said twenty-six acres subject to said mortgage."

The complaint prays that said mortgage may be reformed, so as to correspond with the above particular description, and for judgment against Williamson on the note for $1,900; and that the reformed mortgage may be foreclosed, and for all other proper relief.

The defendant James Craven demurred to said complaint, for want of facts sufficient, etc., and for defect of parties.

The defendant Susan Craven, wife of James, demurred to said complaint for want of facts sufficient, etc.

These demurrers were overruled by the court, and said defendants severally excepted.

The defendant James Craven answered separately, by a general denial.

The defendants Carson and Hille answered jointly, alleging that Craven and wife mortgaged the land to them for a valuable consideration; that when they took said mortgage they had no notice or knowledge of any incumbrance claimed by any one, on account of the appellee's mortgage; that the description therein was so vague and indefinite, that the record of said mortgage was no notice to them; and that said Craven has no other property by which they can be indemnified, in case the appellee's claim should be allowed; and they ask that the appellee's claim may be postponed to theirs.

As to the defendants, the Rahms, the suit was dismissed.

The defendants Williamson and wife answered the complaint jointly, by a general denial. The issues were tried by a jury, who returned the following verdict:

" We, the jury, find for the plaintiff, and that the mortgage ought to be foreclosed upon the real estate mentioned and described in the first paragraph of the plaintiff's complaint, and that there is due upon said mortgage, from the defendant Williamson, the sum of fifteen hundred and twenty dollars."

With their verdict, they returned their answers to interrogatories put on behalf of the defendant Craven, as follows:

" 1st. Was there a mistake made in the description of the real estate in the mortgage described? Answer. No mistake.

"3d. Were not all of the parties satisfied with the description of the mortgage at the time it was executed? Answer. Yes.

"4th. Did Mr. Williamson, at the time he executed the mortgage in suit, own a twenty-seven-acre tract of land in fractional section fifteen? Answer. No; twenty-six acres.

"5th. Did not the parties who wrote the mortgage in suit write it according to instructions, from part or all of the parties to it? Answer. Yes.

"6th. Did Mrs. Williamson own a twenty-seven-acre tract in fractional section fifteen? Answer. No; thirty-one acres."

The jury also returned with their verdict their answers to interrogatories put on behalf of the appellee, as follows:

"1. At the time the defendant Williamson executed the mortgage to Craven, Schenck & Co., was he the owner of the following described land, in Vanderburgh county, Indiana: A piece of land in fractional section fifteen, township eight south, of range eleven west, bounded on the north by the north line of said fractional section fifteen, on the south by the Ohio river, on the west by the half-mile line running north and south through the middle of said fractional section, and being forty rods in width from west to east? Answer. Yes.

"2. Did defendant Williamson intend and direct that the mortgage executed by him to Craven, Schenck & Co., should include the land above described? Answer. Yes.

"3. Did the defendant Craven have notice and knowledge that the land purchased by him from Williamson was embraced in the mortgage by Williamson to Craven, Schenck & Co.? Answer. Yes."

The defendant Craven moved the court for judgment in his favor on the special findings of the jury in answer to the interrogatories. This motion was overruled by the court, and said defendant excepted. The defendant Craven moved the court for a new trial, assigning nine causes therefor. This motion was overruled, and said defendant excepted.

Judgment was rendered upon the finding for $1,520 in fa-

vor of the appellee, and foreclosing the mortgage upon the land as described in the complaint, to wit: "A piece of land in the county of Vanderburgh, and State of Indiana, being a part of fractional section fifteen, in township eight south, of range eleven west, bounded on the north by the north line of said fractional section fifteen, on the south by the Ohio river, on the west by the half-mile line running north and south through the middle of said fractional section, and being forty rods in width from west to east."

The record shows that the defendants James Craven, Charles Hille and Robert B. Carson objected to so much of the decree as ordered a sale of the above land, because it is not described in the mortgage. Said objection was overruled, and said defendants excepted.

From this judgment the defendants Craven and wife, Charles Hille and Robert B. Carson, appealed. They assign errors as follows:

1. In overruling the separate demurrers of the appellants James and Susan Craven.

2. In overruling the motion of the appellant James Craven, for judgment in his favor upon the special findings of the jury, notwithstanding the general verdict.

3. In overruling the motion of appellant James Craven for a new trial.

4. In overruling the motion of appellants to change or modify the judgment rendered.

The fourth of these errors assigned is not alluded to in the appellants' brief, and is therefore regarded as waived.

As to the first error assigned:

The complaint gives a particular description of the twenty-seven acres, and avers that it was the intention and agreement of the parties to the mortgage to put said particular description in the mortgage, and that the same was omitted, and the general description inserted, by mistake of the scrivener; and that twenty-six acres of said land was afterwards bought by Craven, "with notice and full knowledge of the

land embraced in said mortgage," and that he "purchased said twenty-six acres subject to said mortgage." If these facts were true, then the appellee had a right to have his mortgage reformed, and foreclosed as reformed, as against Craven and wife. There was no error in overruling their demurrer.

As to the second error assigned:

The jury, in their answers to the interrogatories put on behalf of the appellee, found that the defendant Williamson, at the time he executed the mortgage to Craven, Schenck & Co., was the owner of the land particularly described in the complaint, and intended and directed that said mortgage should include the land thus particularly described, and that the defendant Craven had notice and knowledge that the land purchased by him from Williamson was embraced in the mortgage by Williamson to Craven, Schenck & Co. These answers, in connection with the other answers, all of which are hereinbefore set forth, are not irreconcilable, nor inconsistent, with the general verdict of the jury. There was no error in overruling Craven's motion for judgment, notwithstanding the verdict. *Grand Rapids R. R. Co.* v. *Boyd,* 65 Ind. 526.

As to the third error assigned, to wit, overruling the motion for a new trial:

The ninth cause alleged for a new trial is newly-discovered evidence. This is not mentioned in the appellants' brief, and is therefore regarded as waived.

The other causes embrace the sufficiency of the evidence, the legality of the verdict, questions upon the instructions, and questions as to the admissibility of testimony.

It appeared in evidence that Williamson's mortgage was dated January 22d, 1874, and recorded January 26th, 1874. Its description was, "twenty-seven acres, fractional section fifteen, town eight south, of range eleven west."

It also appeared that Williamson never owned twenty-seven acres in fractional section fifteen, but did own twenty-

six acres in that section. On March 31st, 1875, Williamson and wife conveyed said twenty-six acres, by a proper description, to James Craven, for $3,250; and on May 13th, 1879, Craven mortgaged said twenty-six acres to the appellants Carson and Hille, by a proper description. The appellee, as receiver of Craven, Schenck & Co., commenced this suit in October, 1879.

The mortgage from Williamson to Craven, Schenck & Co., was clearly void for want of certainty in the description of the land. It was said by ELLIOTT, J., giving the opinion of the court, in *Rucker* v. *Steelman,* 73 Ind. 396, that " it is a familiar rule, that the part of the deed describing the premises conveyed shall be construed with the utmost liberality. It is not the office of a description to identify the land, but to furnish the means of identification." But the description in Williamson's mortgage furnishes no means of identification ; it is impossible to determine, by the words of the mortgage, where in section fifteen the twenty-seven acres are, or in what shape they are. *Guy* v. *Barnes,* 24 Ind. 345 ; *Nolte* v. *Libbert,* 34 Ind. 163. A complaint founded solely upon such a mortgage, and seeking a decree of foreclosure only, would be bad upon demurrer. *Bayless* v. *Glenn,* 72 Ind. 5. But a complaint to correct a mistake in such description, and to foreclose the corrected mortgage, may be good. The complaint in the case at bar alleges such a mistake ; it avers that the general description was inserted instead of the particular description, "by mistake of the scrivener."

The evidence, however, tended to show that there was no mistake made in the description of the real estate in Williamson's mortgage, and that all the parties were satisfied with such description when the mortgage was executed, and that the parties who wrote the mortgage wrote it according to instructions from part or all of the parties to it.

In view of the evidence, the appellee, in his brief, admits that the application to correct the mistake can not be sustained. He says : " Instead of a mistaken description of the land mortgaged, the case presented by the complaint is that

of a defective description, which may be made complete by
extrinsic parol evidence, provided the necessary averments
are contained in the complaint." That there may be such an
incomplete description, capable of being completed by parol
evidence, if there be proper averments in the complaint, is
stated in the opinion of the court in *Baldwin* v. *Kerlin*, 46
Ind. 426, cited by the appellee; but that case itself is an au-
thority against the appellee. It strongly resembles the case at
bar; there the description was "six hundred and forty acres
of land in Anderson county, Kansas;" here the description is,.
"twenty-seven acres in fractional section 15, in Vanderburgh
county, Indiana." There, as in this case, the complaint con-
tained an averment that it was all the land owned by the party
in the place mentioned, but the description itself did not include
that averment, and it was held that the contract was too vague
and uncertain as to the description of the property, and that
the description could not be aided, or the property identified,
by parol evidence. So in *Dingman* v. *Kelly*, 7 Ind. 717, the
court would not permit a similar omission to be supplied by
parol. So in *Howell* v. *Zerbee*, 26 Ind. 214, where the de-
scription was, "part of lot 3, section 36, in township 33, range
4 west, containing five acres." The court said: "It contains a
patent ambiguity, in not defining the particular part of lot 3
intended, and there is nothing in the description by which the
part intended can be ascertained and rendered certain. It is
therefore void for uncertainty." The difference is between a
patent ambiguity and a latent ambiguity. A patent ambi-
guity is that which appears to be uncertain upon the deed or
instrument; latent is that which seemeth certain, for anything
that appeareth upon the deed or instrument, but there is some
collateral matter, out of the deed, that breedeth the ambi-
guity. "*Ambiguitas patens* is never holpen by averment; and
the reason is, because the law will not couple and mingle mat-
ter of specialty, which is of the higher account, with matter
of averment, which is of inferior account in law; for that
were to make all deeds hollow and subject to averments, and

so, in effect, that to pass without deed, which the law appointeth shall not pass but by deed." Bacon's Law Tracts, 99, 100; 1 Greenleaf's Evidence, section 297.

In the case at bar, the uncertainty was patent; it appeared on the face of the mortgage; therefore, averment could not help it, and parol evidence was inadmissible to cure it. Courts never permit parol evidence to be given, first to describe the land, and then to apply the description. *Ferguson* v. *Staver*, 33 Pa. St. 411.

The appellee says in his brief, "the description, in legal effect, contained in the mortgage, is, ' my twenty-seven acres in fractional section fifteen,'" etc. But the word "my" is not in the description. If it were, it would be a very different case. Parol evidence is admissible to show the meaning of words already in the contract, but not to make a new contract by the insertion of other words. In *Halstead* v. *The Board, etc.*, 56 Ind. 363, this court said: "When the description of the mortgaged property, contained in the mortgage, is so indefinite as to render the mortgage inoperative and void, no allegations in a complaint upon the mortgage can make such complaint good." The complaint in the case at bar was good because of the allegations in reference to the mistake, but those allegations not having been sustained by the proof, and the appellee claiming that his case is that of a "defective description, which may be made complete by parol evidence," the cases already cited show that this is not such a case. See also *Murphy* v. *Hendricks*, 57 Ind. 593; *Easter* v. *Severin*, 64 Ind. 375; Pollock Con. 439; *First National Bank, etc.*, v. *Gough*, 61 Ind. 147; *Toops* v. *Snyder*, 70 Ind. 554.

It follows, from what has been said, that the verdict of the jury was not sustained by sufficient evidence, and is contrary to law, and therefore the motion for a new trial ought to have been sustained.

This result renders it unnecessary to consider the other causes alleged for a new trial. It may be observed, however, that the parol testimony of Williamson, in reference to his intentions

as to what land his mortgage should embrace, was admissible only in reference to that part of the complaint which claimed a reformation of the contract on the ground of mistake.

For the error of the court in overruling the motion for a new trial, the judgment of the court below ought to be reversed and the cause remanded for a new trial.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The amended complaint alleged that, by mistake of the scrivener, the property was misdescribed.    The relief sought was the correction of the mortgage, and its foreclosure as corrected.    The petition for a rehearing abandons this ground, and takes a new position, not asserted anywhere before in this case, and not alluded to in the original brief of the appellee.

The ground now taken is, that there was no mistake in the description, no uncertainty in it, nothing that needed any correction; but, in his brief on the hearing, the appellee insisted that there was a defective description, and also parol evidence competent and sufficient to correct it.  So far as the sufficiency of the instrument was concerned, this case was argued and decided upon that question alone, and we have no doubt it was correctly decided.    It is the well settled practice of this court not to consider, on a petition for a rehearing, a question that was not presented on the original  hearing of the cause. *Underwood* v. *Sample,* 70 Ind. 446; Buskirk's Prac. 376.

This rule of practice would require the petition, in this case, to be overruled, and it is, therefore, perhaps unnecessary to go further; but the point now made by the appellee, that a naked warranty cures a defective description, and adds words to it, so as to make it the same as if it contained the language:  "All my land in fractional section fifteen," etc., or

"my twenty-seven acres in fractional section fifteen," etc., can not be sustained; that would be giving to a mere covenant an effect never claimed for it before. What is described is warranted, nothing else; if nothing is described there is nothing warranted.

When the appellee urges that the words "twenty-seven acres, fractional section fifteen, etc., mean the whole fractional section, and says that the court can not presume it contains more, he forgets that the court takes judicial notice of the public surveys in this State, *Burton* v. *Ferguson*, 69 Ind. 486, and therefore knows that the survey of said fractional section fifteen, town eight south, of range eleven west, contains more than twenty-seven acres. The description, twenty-seven acres fractional section fifteen, etc., does not mean the whole fractional section, but twenty-seven acres in that section, or part of that section, and it is impossible, by such a description, to tell which twenty-seven acres is intended.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.