## KING v. BALES ET AL.

PLEADING.—*Amendment.*—*Motion in Arrest.*—An unnecessary amendment of a pleading, made at the trial after the evidence and argument have been heard, is no ground for a motion in arrest of judgment.

DEED.—*Reformation of.*—*Parties.*—*Recorder.*—Where a deed, by mistake, incorrectly describes the property intended and agreed to be conveyed, and the deed as executed is correctly copied of record by the recorder, he is not a necessary or proper party to an action to reform such deed.

SAME.—*Decree of Reformation of Deed.*—A decree of reformation of a deed should provide that the grantor or a commissioner appointed by the court shall execute a proper deed.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts*, for appellant.

*J. Stafford* and — *Losey*, for appellees.

BUSKIRK, J.—This was a proceeding by the appellees against the appellant, to obtain a reformation of a deed from appellees to appellant, and enjoin him from removing or tearing down certain gates over a private way.

It was alleged in the complaint that the appellees, in 1864, sold to the appellant forty acres of land, with the right of way over another tract of land; that there were then two gates across such right of way, and the appellant was to put up another; that the notary, in drafting such deed, by mistake and inadvertence, described and conveyed seventy acres instead of forty, and created a fee simple title to the right of way, when only an easement was intended, and entirely omitted any provision about the gates over such private way. The prayer of the complaint was for a reformation of the deed from appellees to appellant, and for an injunction restraining the appellant from removing said gates, as it was alleged he was threatening to do.

The appellant answered in two paragraphs.

1. The general denial.

2. That he was the owner in fee of forty acres of the land described, and that the deed correctly described the contract and understanding of the parties.

There was a trial by jury, who returned a general verdict for the plaintiffs and answers to interrogatories, in which they found that there was a mistake in the deed as to the quantity and description of the land sold; that the deed had been recorded as made; that the contract was for a right of way; and that three gates were to be kept up.

The appellant's motions for a new trial and in arrest of judgment were overruled, and exceptions taken.

After the evidence had all been heard and one argument made to the jury, the court, over the objection and exception of the appellant, permitted the appellees to amend the complaint, by alleging that the recorder of said county had, in entering said deed upon record, committed a mistake, in the description of the lands.

The court rendered a decree reforming and correcting the deed as to the quantity and description of the land conveyed, and so as to convey a right of way over the lands of appellees; that the appellant be forever prohibited from removing or tearing down the gates over such way, and that appellant be required to maintain one of said gates; and that the record of the said deed in the recorder's office should be reformed and changed, so as to convey but forty acres of land, as set out in such decree, and to convey only a right of way over the route described, instead of a fee simple of said cart way.

The error assigned is the overruling of the motions for a new trial and in arrest of judgment.

The evidence is in the record, and, in our opinion, fully sustains the general and special verdicts.

The motion in arrest of judgment is based upon the action of the court in permitting an amendment of the complaint on trial, and in proceeding with the trial, without requiring an answer to the amended complaint, or re-swearing the jury, and without making the recorder of said county a party in reference to the correction of his record.

It is earnestly insisted by counsel for appellant, that these proceedings were so irregular and erroneous as to justify an

King *v.* Bales *et al.*

arrest of judgment, and that for this error the judgment should be reversed.

On the other hand, it is contended by counsel for appellees, that the amendment was made to conform the allegations of the complaint to the proof, and is justified by sec. 99 of the code, and that appellant is in no manner injured by the decree requiring the record to be changed, so as to conform to the deed, as reformed and corrected by the decree of the court.

We think the motion in arrest of judgment was correctly overruled. The court possessed no power to require the recorder to change the record of the deed to conform it to the change made by the court. The recorder had correctly copied the deed upon his record. He had committed no mistake. The usual way of correcting a deed is for the court, in decreeing a reformation, to require the grantor to make a new deed according to the decree of the court, but if this cannot be conveniently done, a commissioner is appointed for that purpose, and when the new deed is recorded, a marginal note is made on the record of the first deed indicating the reformation, and where the reformed deed will be found upon the record. The recorder was neither a necessary nor proper party. The amendment made upon the trial was unnecessary, and consequently did not injure the appellant.

The appellees, having obtained the decree of the court settling definitely what was the contract between them and the appellant, should, without delay or further litigation, make and deliver to the appellant a new deed conformable to the decree of the court.

The judgment is affirmed, with costs.