## Toops *v.* Snyder.

MISTAKE IN DEED.—*Reformation of.*—In an action to reform a deed on the ground of mistake, the court ordered that certain words should be erased from the instrument, and that the record of such deed should be in like manner corrected.

*Held,* that this was not the proper mode of reforming an instrument. The court should have found that there was a mistake, and in what it consisted. If words had been inserted which the parties did not intend to have inserted, or if words had been omitted which the parties intended to have inserted, the court should

have so found and adjudged. The court possessed no power to order words to be erased from the deed, or to order the recorder of the county to change his record when he had correctly copied the deed.

SAME.—*Effect of Judgment.*—As between the parties to the record, a decree of the court ordering the reformation of a deed is binding, and they are required to take notice thereof, although the deed has not in fact been corrected in accordance with the decree.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*J. C. Suit* and *D. S. Holman,* for appellee.

BUSKIRK, J.—This was an action by the appellant against the appellee, to recover the possession of certain real estate. The appellee answered by the general denial. There was a trial by the court, and a finding for the appellee. The court, over a motion for a new trial, rendered judgment on the finding.

The appellant has assigned for error the overruling of the motion for a new trial.

The material facts, as shown by the record, are these: In March, 1861, the plaintiff and Joseph Toops, who were brothers, jointly purchased of Robert W. Allen and wife a tract of land in Clinton county, described as follows: "All of the south-west quarter of section 17, in township 21, north of range 1 west, except that part of said quarter section lying south of the cross-roads of the Frankfort and Crawfordsville road, and the state road from Jefferson to Kirklin, heretofore deeded to John H. Dunn; and two acres and two-thirds of an acre, more or less, off the north-west corner of the north-west quarter of section 20, in the same township and range, bounded as follows, to wit: All of said quarter section that lies north of the Crawfordsville and Frankfort state road, from a point in said road, thence west with the usual variation to the west line of said quarter section, to a point at the north side of the yard fence of John Crothers (now Black's fence), as described in a deed from John H. Dunn."

Afterward Taylor and Joseph Toops mutually agreed

upon a division of the land so purchased by them, and executed contemporaneous quitclaim deeds to each other for their respective shares as agreed upon.

In the deed from Joseph to Taylor, the share of Taylor was described as follows : " The east half of the south-west quarter of section 17, township 21, north of range 1 west, and two and two-thirds acres off of the east side of the west half of said quarter section, except so much of said quarter section as lies south of the crossing of the Crawfordsville and Frankfort state road, with the Jefferson and Kirklin state road, heretofore deeded to John H. Dunn, containing eighty acres, more or less."

The deed from Taylor to Joseph describes the latter's share as follows :    "The west half of the south-west quarter of section 17, in township 21, north of range 1 west, except two and two-thirds (2⅔) acres off of the east side of said one-half quarter section, and also except so much of said west half as lies south of the Crawfordsville state road heretofore deeded to John H. Dunn, and two and two-thirds (2⅔) acres, more or less, off the north-west corner of the north-west quarter of section 20, township 21, north of range 1 west, being all of said quarter section that lies north of the Crawfordsville state road, containing eighty acres more or less."

It will be observed that, in the deed from Joseph to Taylor Toops, the two and two-thirds acres are conveyed to Taylor, and that, in the deed from Taylor to Joseph, the two and two-thirds acres are expressly excepted; and this is the land in controversy.

Afterward, on the 19th day of October, 1868, Joseph sold and conveyed to Amos Heavilon his said tract of land. The land is described the same as in the deed from Taylor to Joseph.

Afterward, on the 23d day of September, 1870, Amos Heavilon and Joseph Toops commenced in the Clinton Circuit Court an action against Taylor Toops and wife, the object of which was to correct a misdescription in the deeds

from Joseph to Taylor, and from Taylor to Joseph. The complaint, after alleging the execution of said deeds and giving the descriptions of the lands conveyed thereby, avers, that the deed of defendants to said Joseph, as well as the deed of the said Joseph and wife to the said Amos Heavilon, are incorrect and contain a misdescription of the land intended to be conveyed; that by mistake, as well by defendants as the said Joseph, the following words were inserted in said deed: "except two and two-thirds acres off of the east side of one-half of quarter section," and also, "that said words are wrongfully contained in said deed, and by reason of them the deed does not convey the land intended to be conveyed by the parties to the same."

The complaint further averred that the said Joseph was ready and willing to correct his deed to the said Heavilon, so soon as the proper correction is made by defendants, and that defendants have refused and neglected, and still refuse and neglect, to make such correction. The prayer of the complaint was for the correction of the deed from Joseph to Taylor by striking therefrom the words, "except two and two-thirds (2⅔) acres off the east side of one-half quarter section," and that a commissioner be appointed to make such correction.

The defendants appeared to the above action and demurred to the complaint for the want of sufficient facts, but the demurrer was overruled.

The record then contains the following entry: "Come the parties by their attorneys, and issue being joined on said demurrer, the same is submitted to the court; and the court, after hearing the argument of counsel and being sufficiently advised in the premises, said demurrer is overruled, to which the defendants by their attorneys then and there excepted. And now it is agreed by and between said parties, and admitted, that the mistake alleged in said complaint was made; and it is, by agreement of said parties, ordered by the court, that the words 'except two and two-thirds (2⅔) acres off the east side of said one-half of quarter

section,' being the west half of the south-west quarter of section 17, town 21, north of range 1 west, be stricken out and erased from the deed executed by the defendants to the said Joseph Toops, and also stricken out and erased from the deed executed by the said Joseph Toops to the said Amos Heavilon, and that the records of said deeds be also corrected in same manner, and the costs herein ordered to be paid by said Joseph Toops and Taylor Toops."

On the 13th of August, 1870, Heavilon sold and conveyed said tract of land to John Snyder, the appellee, and in the deed the exception in reference to the two and two-thirds acres was omitted.

On the trial of the present case, all the above executed deeds and the judgment in the above recited case were read in evidence. The appellee admitted that he was in possession of the strip of land in dispute. Upon these facts, the court found that the appellant was not entitled to the possession of such strip of land, and the sole question presented for our decision is, whether such ruling was correct.

The deed from Joseph to Taylor conveyed to the latter the land in dispute, while the deed from Taylor to Joseph excepted such land from the operation of the deed. The complaint did not allege that there was any mistake in the deed from Joseph to Taylor Toops, nor was there any reformation of such deed sought. By this deed, Joseph conveyed to Taylor the land in dispute. By the deed from Taylor to Joseph, the land in dispute was excepted and taken out of the operation of the deed. It was this deed which was ordered to be reformed. In our opinion, the striking out of this exception did not have any effect upon the positive conveyance of the land in dispute. The land having been conveyed to Taylor, it was not necessary to say that it was not conveyed to Joseph, and this is especially so when the land conveyed to Joseph was specifically described. The order of the court left the deed from Joseph to Taylor in full force, just as it had been made by the parties, and by that deed the title to the land in dispute was vested in Taylor.

The wrong deed was reformed. It would have been better, to have removed all clouds from the title, to have had a reformation in both deeds. The court ordered that certain words should be erased and stricken from the deed, and that the record of such deeds should, in the same manner, be corrected. This was not the proper mode of reforming an instrument. The court should, in its finding, have found that there was a mistake, and in what it consisted. If words had been inserted which the parties did not intend to have been inserted, or if words had been omitted which the parties intended to have had inserted, the court should have so found. The judgment should have been as specific as the finding. The court possessed no power to order the words to be erased from and stricken out of the deed, nor did the court have authority to order the recorder of the county to change his record, when he had correctly copied the deed.

In *King* v. *Bales*, 44 Ind. 219, this court uses the following language: "The court possessed no power to require the recorder to change the record of the deed to conform it to the change made by the court. The recorder had correctly copied the deed upon his record. He had committed no mistake. The usual way of correcting a deed is for the court, in decreeing a reformation, to require the grantor to make a new deed according to the decree of the court, but if this cannot be conveniently done, a commissioner is appointed for that purpose, and when the new deed is recorded, a marginal note is made on the record of the first deed indicating the reformation, and where the reformed deed will be found upon the record."

In the present case, the order was to erase from, and strike out certain words in, the deed. No one was appointed to do this, nor was any new deed made. As between the parties to the record, the decree of the court ordering the reformation was binding, and they were required to take notice thereof.

In our opinion, the reformation of the deed from Taylor to Joseph did not divest the title vested in Taylor by the deed from Joseph to him.

Toops *v.* Snyder.

It is, however, insisted by counsel for appellee that the solemn admission made by Taylor, and which was entered of record, and upon which the judgment of the court in reforming the deed was based, estops him from asserting any claim to the land in controversy. That depends upon the extent of the admission. It was admitted that the mistake alleged in the complaint was made. The mistake alleged was, that the exception in reference to the land in dispute was improperly placed in the deed from Taylor to Joseph. As to this deed, the admission is sufficient to estop the appellant, but the real question is, whether it is sufficient to estop him from asserting title under the deed from Joseph to him. We have, after much thought and some hesitation, come to the conclusion that the admission cannot be applied to the deed from Joseph to Taylor. The admission may have been made upon the ground that the land in dispute having been conveyed to Taylor, it was unnecessary to make the exception in the deed from Taylor to Joseph. It seems to us that the question whether a mistake was actually made in the execution of the deeds to carry out the partition which had been agreed upon between Taylor and Joseph was not fairly submitted to the court, and consequently was not fully decided. If, in fact, a mistake was made, it should in justice and equity be corrected, and should be applied to the entire contract and to both deeds. If, on the other hand, no mistake was committed, the cloud which was cast upon the title of Taylor by the decree of the court reforming the deed from Taylor to Joseph should be removed. The controversy should be settled and put at rest. The necessary parties can be brought before the court, and the pleadings can be changed so as to raise the question.

The judgment is reversed, with costs; and the cause is remanded for a new trial, with leave to make new parties and amend the pleadings.