## Toops v. Snyder et al.

MISTAKE —Conveyance of Land  Pursuant  to  Agreement  for  Partition.— Quitclaim.—Action  to  Recover  Real  Estate.—·Defence.—See  opinion  for answer alleging  mistake in successive conveyances of real  estate, in an action by the grantor mâking the first alleged mistake, to recover the land from  a  remote grantee.

SAME.—*Evidence.*—*Correction of Mistake, by Court of Equity.*—In an action to reform a deed, on the ground of mistake, a court of equity will not interfere to afford relief, where the parties to such deed did not mistake its contents, but only the effect thereof; and where the misdescription of the lands intended to be conveyed was the result, not of the mistake of the parties, but of their carelessness in not procuring correct descriptions of the land before they executed the deed; the policy of courts of equity being to administer relief to the vigilant, and to put all parties upon the exercise of a reasonable degree of diligence.

From the Clinton Circuit Court.

*J. N. Sims*, for appellant.

*L. McClurg* and *J. V. Kent*, for appellees.

Howk, J.—This case is now before this court for the second time. The opinion and judgment of this court, on the former appeal, are reported under the title of *Toops* v. *Snyder*, 47 Ind. 91.

It is a suit of the appellant against the appellees, to recover the possession of a certain parcel of real estate, particularly described, in Clinton county, Indiana, containing two and two-thirds acres. The appellant's complaint was in the usual statutory form, in such cases, and need not be further noticed. To this complaint the appellees answered in a single paragraph, by way of cross complaint, to which the appellant's demurrer, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and his exception was duly saved to this decision. Thereupon the appellant answered said cross complaint, by a general denial thereof. Other pleadings were filed by the parties respectively, but, as no question arises thereon for our decision, we need not further notice them in this opinion. The cause, having been put at issue, was tried by a jury, and a general verdict was returned for the appellant for a part only, particularly specified, of the real estate described in his complaint, and assessing his damages in the sum of twenty-seven dollars. With their general verdict, the jury also returned

their special findings upon particular questions of fact, but, as no point is made thereon in this court, we need not set them out in this opinion. The court rendered judgment for the appellant, upon and in accordance with the general verdict of the jury.

The appellant's motion for a new trial having been overruled by the court, and his exception entered to this ruling, he appealed from the judgment below to this court, and has here assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrer to the appellees' cross complaint;

2. In overruling his motion for a new trial; and,

3. In rendering the judgment appealed from in this case.

1. In their cross complaint, the appellees John Snyder, William V. Snyder and Garrett D. Snyder jointly alleged, in substance, that on the — day of March, 1864, the appellants Taylor Toops and Joseph Toops were the owners in fee-simple and tenants in common of the south-west quarter of section 17, in township 21 north, of range 1 west, except such part of said quarter section as lay south of the intersection of the New Castle state road with the Frankfort and Crawfordsville state road, and were also such owners and tenants of five acres, more or less, in a triangular form, in the north-west corner of section 20, in the same township and range, being so much of said section as lay north of said last named state road, all of said real estate being in Clinton county, Indiana; that, at the time last mentioned, the appellant and said Joseph Toops agreed to make partition of said real estate between themselves, in such manner that each of them should have an equal quantity thereof; that, in pursuance of said agreement and for the purpose of carrying it out, the said Joseph Toops, on the 14th day of March, 1864, executed to the appellant his quitclaim deed, by which he

intended to convey to the appellant all the interest of said Joseph Toops in and to the one-half of said real estate; that on the same day, and for the purpose of carrying into effect the said agreement of partition, and intending to convey to said Joseph Toops all the appellant's interest in and to the one-half of said real estate, the appellant and his wife executed to said Joseph Toops their quitclaim deed; that, by the mutual mistake of the appellant and said Joseph Toops, in thus attempting and intending to divide said real estate in equal proportions between themselves, the above described deeds of the appellant and of said Joseph Toops, which were set out in said cross complaint, did not carry into effect their intention and agreement to make partition of said real estate between themselves in equal proportion, but gave the appellant more than the one-half thereof; that the deed of said Joseph Toops to the appellant was made to contain these words: "Also two and two-thirds acres" off the east side of that part of the west half of the south-west quarter of section 17, which lay north of the New Castle and Lafayette state road; that, in order to divide said real estate equally between the said parties, as stipulated and agreed to between themselves, the said last named deed, in said description, should have contained the words "Also one and twenty-hundreths acres," instead of the words "two and two-thirds acres;" that, by the mutual mistake of said Joseph Toops and the appellant, in thus attempting and intending to divide said lands in equal proportions between themselves, the appellant's deed to said Joseph Toops was made to contain the words "except two and two-thirds acres" off the east side of said half quarter-section, when, in order to divide said lands equally, as intended between said parties, the said deed, in said description, should have contained the words "except one and twenty-hundredths acres," instead of the words "except

two and two-thirds acres ; " that on the 19th day of October, 1868, the said Joseph Toops, intending to convey to Amos Heavilon the one-half in quantity of the whole of the lands first above described, of which the said Joseph and the appellant were seized as tenants in common, the said one-half being that part of said lands, of which the said Joseph was the sole owner by virtue of his said partition with the appellant, executed to said Heavilon his warranty deed therefor; that in the said deed, by the mutual mistake of said Joseph Toops and said Heavilon, the deed was made to contain the words, " except two and two-thirds acres off of the east side of one-half of quarter-section ;" that said Joseph Toops intended to convey, and said Heavilon to receive, by said deed, such lands only as said Joseph had become the sole owner of, " by virtue of the partition aforesaid, as agreed between them ;" that, in order so to do, the said deed should have contained the words, " except one and twenty-hundredths acres off," etc., instead of " except two and two-thirds acres off," etc.; that on the 13th day of August, 1870, the said Amos Heavilon, intending to convey to the appellee John Snyder the said lands conveyed to said Heavilon by said Joseph Toops, being the same lands that said Joseph had become the sole owner of, by virtue of his agreed partition with the appellant, and said John Snyder intending to receive such lands only, executed to said John Snyder his warranty deed therefor; that, by the mutual mistake of said Heavilon and Snyder, the following words were omitted from said deed, to wit: " Except one and twenty-hundredths acres off the east side," etc.; that afterward, on the 27th day of November, 1874, the said John Snyder and his wife executed to said William V. and Garrett D. Snyder their warranty deed; that, by said deed, the grantors therein intended to convey, and the grantees therein intended to receive, all of said lands in said deed described, except one and twenty-hun-

Toops *v.* Snyder *et al.*

dredths acres off the east side of said lands; and that, by the mutual mistake of all the parties to said deed, the following words were omitted therefrom, to wit: " Except one and twenty-hundredths acres off the east side of said described tract of land." Wherefore the said appellees prayed that the deed of said Joseph Toops to the appellant, the appellant's deed to said Joseph Toops, and the said Joseph Toops' deed to said Amos Heavilon, might each be corrected and reformed, so that each might contain the words " one and twenty-hundredths acres," instead of the words " two and two-thirds acres," appearing therein; that said Heavilon's deed to John Snyder, and the latter's deed to William V. and Garrett D. Snyder, might each be corrected and reformed, so that each would contain the words " except one and twenty hundredths acres," etc.; and for all other proper relief.

To this cross complaint the appellant's demurrer for the want of sufficient facts therein, as we have already said, was overruled by the court. The appellant's counsel has devoted a large portion of his brief of this cause to a criticism of this cross complaint, and to the discussion of the alleged insufficiency of its allegations of fact to constitute a good cross complaint. We have given the appellant the benefit of a full summary of the material allegations of this cross complaint; and while we deem it unnecessary for us to point out his objections to this pleading, or to answer his arguments against its sufficiency, under the view we shall take of the case, yet we may say generally, that, in our opinion, the cross complaint stated facts sufficient to withstand the demurrer thereto.

The object of the cross complaint was to obtain the correction of an alleged mistake in the deed from Joseph Toops to the appellant, under which the latter had become vested with the legal title to the two and two-thirds acres of land, for the recovery of which he had

sued in this action.    The    record    shows    that    ten    years
elapsed after the execution of the deed sought to be cor-
rected, before the commencement of this action, and be-
fore any attempt was made by the remote grantees of
Joseph Toops to obtain the reformation of said deed.
Courts of equity will relieve parties from the effects of
mistake in some cases, but not in every case.    Thus, in
*Wood* v. *Patterson*, 4 Md. Ch. 335, the Chancellor said :
" It is not, however, in every case of mistake, even of a
material fact, that the court will grant relief, for if the
mistake is the result of the party's carelessness or inatten-
tion, the court will not interfere in his behalf, its policy
being to administer relief to the vigilant and to put all
parties upon the exercise of a reasonable degree of dili-
gence." This may be regarded, we think, as the settled,
equitable doctrine in reference to the correction of alleged
mistakes. 1 Story Eq. Jur., sec. 146 ; *Voorhis* v. *Murphy*,
11 C. E. Green, 434 ; *Lamb* v. *Harris*, 8 Ga. 546 ; *Tay-
lor* v. *Fleet*, 4 Barb. 95.

Applying this doctrine to the case at bar, it seems
to us that the evidence adduced upon the trial utterly
failed to show such a mistake in any of the deeds sought
to be reformed, as a court of equity would or ought to
afford any relief for or against, at the suit of the cross
complainants. Joseph Toops and the appellant were
each of them witnesses on the trial of the cause ;
and it is manifest, we think, from the testimony of each
of them, that there was no such mistake in either of their
partition deeds, as either of the parties, or the grantees
near or remote of either, could obtain relief against, in a
court of equity. It appeared from the evidence of each
of the said parties, that each of them could read and
write, and that their partition deeds were read to them
before they executed the deeds. It is very clear from their
testimony, we think, that they did not mistake the con-

tents of the deeds, but only the effect of such contents; and that the misdescription of the lands intended to be conveyed, in each of said deeds, was the result, not of the mistake of the parties, but of their carelessness in not procuring, as they might have done, correct descriptions of the lands, before they executed their deeds. *Nelson* v. *Davis*, 40 Ind. 366; *The First National Bank, etc.,* v. *Gough*, 61 Ind. 147; *Angle* v. *Speer*, 66 Ind. 488.

It is very clear, also, from the evidence in the record, that the alleged mistake in the deed from Joseph Toops to Amos Heavilon is a mistake, from the effects of which the cross complainants can obtain no relief in a court of equity. Heavilon testified as a witness, on the trial of the case, as follows: " I examined Joseph's deed to me, and knew what was in it before I accepted it." It is manifest from this evidence, that, if there was any mistake in Heavilon's deed, it was a mistake only as to its effect, and not as to its contents; and against such a mistake, as we have seen, equity affords no relief.

In regard to the alleged mistakes in the two Snyder deeds, there was no evidence whatever introduced on the trial.

For the reasons given, we are of the opinion that the verdict of the jury was not sustained by, but was contrary to, the evidence in the record, and that for this cause the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.