Armstrong v. Short et al.

No. 11,305.

ARMSTRONG v. SHORT ET AL.

MISTAKE.—*Misdescription in Mortgage, Foreclosure and Sheriff's Deed.—Lien.*
—A description in a mortgage, carried forward into a decree of fore-
closure, and recited in a sheriff's deed, reading " the south part," etc.,
is wholly insufficient; and if, in the foreclosure, no personal judgment
be rendered for the mortgage debt, the latter is no lien on such land.

SAME.—*No Reforming Mistake of Law.*—Where such description is not a
mistake of fact, *i. e.*, was just as the parties intended it to be, there can
be no reformation.

SAME.—*Mistake of Fact.*—Foreclosure and sale of land misdescribed are no
bar to a subsequent action for reformation, if the misdescription was a
mistake of fact.

From the Lawrence Circuit Court.

*G. Putnam, G. W. Friedley, S. D. Luckett* and *W. H. Mar-
tin,* for appellant.

*M. F. Dunn, G. G. Dunn, E. E. Rose* and *E. Short,* for
appellees.

ZOLLARS, J.—The controlling questions are presented by
the assignment of error in overruling appellant's motion for
a new trial. The material facts as shown by the evidence are
as follows: In 1877, appellee John Short, and his wife, exe-
cuted to appellant a mortgage upon five different tracts of land,
to secure the payment of a note of $1,700, to become due on
the 15th day of October, 1880. The interest not having been
paid, the mortgage was foreclosed in March, 1880. It was
found that $360 was then due, and that the amount of the
note, $1,700, would become due at the time fixed in the note,
viz.: October 15th, 1880.

The mortgage was foreclosed against all of the defendants,
John, Louisa and Emerson Short. The land was ordered sold,
without relief from valuation and appraisement laws. It
was further ordered, that out of the proceeds of the sale the
$360 then due should be first paid. In November, 1880, the
lands were sold by the sheriff to appellant for $1,700. He
paid the costs, and $1,566, the balance of the bid, was applied

Armstrong v. Short et al.

in extinguishment of the amount found due. After the expiration of the year for redemption, appellant received a deed from the sheriff for the lands described in the mortgage, and so purchased by him. One of the tracts of land is described in the mortgage as the south part of the northeast quarter of section thirty, etc., containing seventeen acres. Another is described therein as the north part of the east half of the northwest quarter of section thirty-one, etc., containing forty-five acres. These descriptions of these two tracts extend through the entire proceedings and into the sheriff's deed.

After receiving the sheriff's deed, appellant instituted an action against the mortgagors, John and Louisa Short, to recover the possession of the lands. As to the two tracts, the descriptions of which are above set out, he dismissed his case, and took judgment for, and recovered the possession of, the other tracts.

Subsequently to this, and in February, 1882, John and Louisa, for the nominal sum of $800, conveyed to Emerson Short, by a warranty deed, the two tracts of land above described.

The contest here is about these two tracts, and between appellant and Emerson Short. Appellant's complaint was in three paragraphs. One sets up the note and mortgage, and the insufficient description of these two tracts, and asks a reformation and foreclosure of the mortgage as to the two tracts. Another sets up the foreclosure proceedings, and asks that the unpaid portion of the amount found by the decree, be declared a lien upon, and enforced against, said two tracts. A third sets up the foreclosure proceedings, and with various averments asks for a recovery of the possession of said tracts from appellees. Answers were filed by appellees, and a cross complaint by appellee Emerson Short.

Upon the trial below, the court found against appellant, and quieted the title to the two tracts in appellee Emerson Short.

In addition to the evidence above set out, there was the testimony of appellant and Emerson Short. Short testified as

follows: "At the time I took those deeds, I knew about the mortgage to plaintiff by John Short and Louisa Short, his wife, and I knew that it was the intention of the parties to embrace said two tracts of land in said mortgage, by the description set out in the mortgage. I had heard that plaintiff said the descriptions were good descriptions." Appellant testified that the descriptions of the two tracts in the mortgage were correct; that he had known the tracts by the descriptions in the mortgage for a long time, and could identify the lands meant by them; that it was generally known in the neighborhood of the lands what tracts were meant by these descriptions; that it was the intention of the parties to the mortgage to mortgage the two tracts. On cross-examination, he testified as follows: "I knew at the time I accepted the mortgage the descriptions that were in the mortgage; thought they were good descriptions, and I believe yet they are good descriptions."

It is very clear from appellant's testimony that there was no mistake of fact as to the descriptions; they are just what he understood and knew them to be, and, apparently, just what he wished them to be. If he is not able to recover anything by them, it is not because there was any mistake in the insertion of them in the mortgage, but because he misconceived the legal effect and import of them. It is just as clear that the descriptions are entirely defective and insufficient. *Gigos* v. *Cochran*, 54 Ind. 593; *Shoemaker* v. *McMonigle*, 86 Ind. 421; *Hammond* v. *Stoy*, 85 Ind. 457; *Buck* v. *Axt*, 85 Ind. 512; *Lewis* v. *Owen*, 64 Ind. 446. Upon the authority of our cases, it is also clear that there can be no reformation of the mortgage, because the mistake is not one of fact, but of law.

In the case of *First Nat'l Bank of Centreville* v. *Gough*, 61 Ind. 147, in which a reformation and foreclosure of a mortgage were asked, the court said: "The mortgage was thereupon drawn up by a scrivener, as appears, in the presence of the parties. No formulated description of the property, to be inserted in the mortgage, had been agreed upon by the parties or prepared for the scrivener to copy. He, as we must pre-

sume, by their direction, incorporated the following into the mortgage, viz.: 'West middle. division of S. E. quarter of section 21, township 16, range 12, containing 95 acres.' There does not appear to have been any fraud, surprise or mistake in copying the description. The parties, in preparing the mortgage, did just what they intended to do. * * * The mistake, it thus appears, in the preparation of the mortgage, was one of law, arising from the negligence of the parties in failing to acquire information as to the requisite description of the land to be inserted in the mortgage. They inserted a description such as they approved, but two years afterward found it was not full enough to identify the land, and now pray the court to insert for them such an addition as will effect such identification," etc.

In the case of *Toops* v. *Snyder,* 70 Ind. 554, it was averred that the deed contained the words "also two and two-thirds acres" off the east side, etc., when it should have contained the words "also one and twenty-hundredths acres," instead of the words "two and two-thirds acres." This court said: "It appeared from the evidence of each of the said parties, that each of them could read and write, and that their partition deeds were read to them before they executed the deeds. It is very clear from their testimony, we think, that they did not mistake the contents of the deeds, but only the effect of such contents; and that the misdescription of the lands intended to be conveyed, in each of said deeds, was the result, not of the mistake of the parties, but of their carelessness in not procuring, as they might have done, correct descriptions of the lands, before they executed their deeds. * * It is very clear, also, from the evidence in the record, that the alleged mistake in the deed from Joseph Toops to Amos Heavilon is a mistake, from the effects of which the cross complainants can obtain no relief in a court of equity. Heavilon testified as a witness on the trial of the case as follows: 'I examined Joseph's deed to me, and knew what was in it before I accepted it.' It is manifest from this evidence, that, if there was

any mistake in Heavilon's deed, it was a mistake only as to its effect, and not as to its contents; and against such a mistake, as we have seen, equity affords no relief."

In the case of *Craven* v. *Butterfield*, 80 Ind. 503, the description in the mortgage was, " Twenty-seven acres, fractional section fifteen (15), town. eight (8) south, of range eleven (11) west." It was held that the mortgage was void for the want of certainty in the description of the land, and that it could not be reformed.

See, also, *Nelson* v. *Davis*, 40 Ind. 366. In this case it was said: " The instrument speaks, for aught that appears, just as the parties desired that it should. The mistake, then, if any was made, was a mistake of law as to the legal effect of the deed as executed."

In the case of *Easter* v. *Severin*, 78 Ind. 540, the real estate was described in the mortgage as "Three town lots in the town of Benwood, aforesaid, being all the town lots owned by said Adam Starr in said town." The court said: "In the case at bar, it is not pretended or claimed in the amended complaint, that all the parties to the mortgage in suit did not know, at the time of its execution, the exact language used therein. * * * The mistake stated in the amended complaint can not be regarded, therefore, as a mistake as to any matter of fact, but only as to the legal effect of the language used in the mortgage. We do not understand it to be the province of a court of equity, or that it has the power, to relieve parties from the effects of such a mistake," etc. See, also, *Baldwin* v. *Kerlin*, 46 Ind. 426; *Nicholson* v. *Caress*, 59 Ind. 39; *Allen* v. *Anderson*, 44 Ind. 395; *Heavenridge* v. *Mondy*, 49 Ind. 434.

In the case under examination, the mistake being one of law and not of fact, the mortgage can not be reformed. The descriptions of the two tracts of land, in dispute, in the mortgage, the foreclosure proceedings, and the sheriff's deed to appellant, are so defective and uncertain, that he neither acquired a lien by the mortgage, nor title by the deed.

The court below, therefore, was not in error in finding against appellant, and quieting the title in Emerson Short. If the appellant had recovered a personal judgment in the foreclosure proceedings, that judgment might be enforced against the land. But he recovered no such judgment. It is not necessary, but, in view of the pleadings and the evidence, it is proper to say that the foreclosure of a mortgage, and the purchase of the land by the mortgagee from the sheriff, will not bar a reformation and foreclosure of the same mortgage, where the description of the land in the mortgage, and subsequent proceedings, are so defective that no title passes by such sale, when the defective description is a mistake of fact, and not of law merely. *Conyers* v. *Mericles*, 75 Ind. 443.

The fact that the land may have been generally known by the erroneous description, might be important in an action to correct the mistake, and reform the mortgage, but that fact of itself will not cure such defect, or support an action for the possession of the land, without such reformation.

We may say further, that where a mortgage has been foreclosed and the property sold, there can be no reformation of the sheriff's deed in the way of correcting an erroneous description. *Miller* v. *Kolb*, 47 Ind. 220; *Keepfer* v. *Force*, 86 Ind. 81.

What has been said disposes of the case on its merits. It is not necessary, therefore, to consider the several questions sought to be presented by the rulings upon the pleadings. We may say, however, that it results from what we have said that the court below did not err in sustaining the demurrer to the third paragraph of the complaint, nor in overruling appellant's demurrer to the fourth and fifth paragraphs of the answer by Emerson Short. And while the second and third paragraphs of the answer by John and Louisa Short were not sufficient, and the demurrer to them might properly have been sustained, the error in this case was a harmless one.

The judgment is affirmed with costs.

Filed May 10, 1884.