Filed April 3, 1891.

No. 14,634.

RAY v. FERRELL ET AL.

MORTGAGE.—*Reformation After Foreclosure and Sale.*—Where, by mutual mistake of the parties, the description of the mortgaged premises is so defective that no title will pass under a sale, or where, by such mutual mistake, land is described which does not belong to the mortgagor, instead of land which does, there may be a reformation of the mortgage even after sale.

SAME:—*Debt Extinguished by Sale of Land under Decree.*—In case of such a mutual mistake in the land intended to be mortgaged, yet if land is mortgaged which is owned by the mortgagor, and there is a foreclosure, sale and purchase thereunder by the mortgagee, and the amount of the bid is the amount of the debt due, and the land purchased is worth in value the amount of the bid, the debt is paid, the mortgage extinguished, and there can be no reformation.

JUDGMENT.—*Satisfaction by Sale.*—A sale of land on execution or order of sale which has not been set aside, is a satisfaction of the judgment to the extent of the net amount realized by the sale.

TRUST.—*Guardian Purchasing Land with Ward's Money.*—A guardian who purchases and improves a lot or tract of land with his ward's money, taking the title in his own name, creates a resulting or constructive trust in the lot or tract in favor of the ward.

SAME.—While the legal title remains in the guardian, one who, in good faith, buys and acquires a title from him, or takes a mortgage from him on such property, without any notice of the ward's equity, acquires rights therein superior to those of the ward.

From the Vigo Circuit Court.

*G. A. Knight* and *J. A. Pierse,* for appellant.

*C. F. McNutt* and *J. G. McNutt,* for appellees.

McBRIDE, J.—This was a suit by appellant to foreclose a mortgage on a certain tract of land in Clay county, and on lots numbered 30 and 31 in the town of Cory, in said county, and to reform the mortgage. The reformation of the mortgage sought was with reference to the two town lots, it being averred that when the mortgage was executed the mortgagee owned said lots numbered 30 and 31, which were of the value of $1,000, and also owned lots numbered 40 and 41 in said town, which were only of the value of $25 each, and that prior to the making of said mortgage it was agreed and understood by and between the mortgagor and mortgagee that said lots 30 and 31 were to be included in and covered by said mortgage, but that by mutual mistake of both parties lots numbered 40 and 41 were described instead.

Appellees answered, alleging, in substance, that on a certain date appellant brought suit in the Clay Circuit Court against appellees, John R. Ferrell, Oliver James and others, for the foreclosure of the same mortgage sued on and for the collection of the same debt, and also to foreclose a certain other mortgage given on certain other lands in the same county, to secure the same debt, and that such proceedings were afterward had in said cause that appellant recovered a judgment in said court for the sum of $3,249.48, the amount of the debt secured, and a decree foreclosing both of said mortgages, and an order for the sale of the several tracts of land

to satisfy the same. That on an order of sale, issued on said decree, the sheriff sold said land, as follows : The land covered by the mortgage not here in suit was sold to one Walter R. Ferrell for $1,691, and the land included in the mortgage now in suit, including said lots 40 and 41, were sold to and bid in by appellant for $1,686, said two sums being the full amount and in full satisfaction of said judgment, interest and costs ; that said purchasers paid their bids in full, the sheriff executed to them certificates of purchase for the real estate so purchased, which certificates, it is alleged, they still hold ; and that said sheriff returned said order of sale satisfied in full. It is further averred that " said judgment, so rendered in said cause, with all said subsequent proceedings had thereunder, is in full force and effect, being unreversed and unappealed from ; that the descriptions of said real estate contained in said several mortgages were carried into said judgment, decree, order of sale, the advertisement and sheriff's certificate of purchase ; that the said lands and town lots so mortgaged and sold, were, at the time said mortgages were executed, and at the time of said sale, owned in fee simple by the said John R. Ferrell and Oliver James, and were by them inserted in said several mortgages by their true and proper description, and which real estate was at time of sale of the value of four thousand dollars."

The court overruled a demurrer to this answer, and appellants assign the ruling as error.

Appellant's objection to this answer, as stated by counsel in their brief, is that it " contains no denial of the allegations of the complaint as to the mistake or fraud therein set out, of Mr. James, in the making of the two mortgages to appellant of the value of the real estate therein described."

We find no charge of fraud in the complaint, and, indeed, no question of fraud in the case.

The power of courts of equity to reform mortgages and

Ray *v.* Ferrell *et al.*

other written instruments to make them conform to what the parties to them mutually intended, but through mistake of fact, or fault of the scrivener, failed to express, is frequently invoked and frequently exercised. That a mistake in a mortgage may be corrected and the mortgage reformed and re-foreclosed after foreclosure, and in some cases even after sale, is also settled. *Conyers* v. *Mericles*, 75 Ind. 443; *Armstrong* v. *Short*, 95 Ind. 326; *McCasland* v. *Ætna Life Ins. Co.*, 108 Ind. 130; *Curtis* v. *Gooding*, 99 Ind. 45; *Jones* v. *Sweet*, 77 Ind. 187.

These authorities, and many others that might be cited, settle the proposition that when, by reason of the mutual mistake of the parties, the description of the mortgaged premises is so defective that no title would pass under sale, or when, by such mutual mistake, land is described which does not belong to the mortgagor, instead of land which does, there may be a reformation even after sale. In such a case there is no merger of the mortgage, and it certainly can not be said there is any satisfaction of the debt, for the purchaser acquires nothing by the sale. Indeed, the sale is a mere nullity.

In the case at bar, although there was a mistake in the description of the property, yet the property actually described and mortgaged, as well as that intended to be mortgaged, belonged to the mortgagor. By the foreclosure sale the purchaser actually acquired and now has title to the land sold. The answer alleges that its value is several hundred dollars more than the amount of the debt, and that it actually sold for the full amount of the debt, interest and costs, and also shows that the sale has not been vacated. This shows a complete satisfaction of the debt.

A sale of land on execution or order of sale which has not been set aside is a satisfaction of the judgment to the extent of the net amount realized by the sale. 12 Am. & Eng. Encyc. of Law, 159*d*; *Hood* v. *Adams*, 124 Mass. 481 (26 Am. Rep. 687); Jones Mortg., section 950, *et seq.*,

and cases cited; McCabe v. Goodwin, 65 Ind. 288 ; McIntosh v. Chew, 1 Blackf. 289.

The mortgage was executed as a mere security for the debt. The debt has been paid. There can be no ground for reforming or reforeclosing the mortgage, as the sole purpose for which it was executed has been accomplished.

The court did not err in overruling the demurrer to this answer.

Howard James, one of the appellees, and who was a defendant below, by his next friend, John McIntosh, filed a cross-complaint against appellant and his co-appellees, alleging, in substance, that he is an infant ; that in the year 1872 his co-defendant, Oliver James, was duly appointed his guardian by the Clay Circuit Court, qualified as such, and, with his co-defendant, Thomas Coble, as his surety, executed his bond as such guardian ; that his said guardian, having received money belonging to him to the amount of $1,000, used the same in the purchase of said lots numbered 30 and 31 in said town of Cory, and in the construction of a dwelling-house thereon, said guardian taking the title to said lots in his own name ; that he held the title thereto until the 10th day of October, 1879, when he, with his wife and co-defendant, Melissa James, conveyed them to one John McIntosh, upon the agreement that McIntosh should hold the title to the same in trust for this cross-complainant, and for no other purpose, and that said conveyance was made in good faith for said purpose, and before any liens of any character had attached to the same ; that afterwards, on the 10th day of March, 1886, said McIntosh conveyed said lots to defendant Thomas Coble, bondsman for said guardian, to be held by said Coble as trustee in trust for cross-complainant, who in good faith, and without notice of any encumbrance or lien on said lots, accepted said trust, and now holds title to said property in trust for cross-complainant ; that said guardian, Oliver James, is wholly insolvent, and without property, and that said lots are of the value of $1,000.

Ray *v.* Ferrell *et al.*

The prayer of the cross-complainant was that said lots be decreed to be held in trust for him, and that the title be vested in him.

Appellant demurred to the cross-complaint, and his demurrer was overruled.    He assigns this ruling as error.

The guardian, having purchased and improved the lots in controversy with his ward's money, and taken the title in his own name, a resulting or constructive trust in the lots was thereby created in favor of the ward.    The consideration thus paid drew to it the equitable right of property, and the ward became the true and beneficial owner of the lots.    Pomeroy Eq. Jur., sections 981, 1049 ; Leading Cases in Equity, part 1, p. 335 ; *Rhodes* v. *Green*, 36 Ind. 7 ; *Pugh* v. *Pugh*, 9 Ind. 132 ; *Riehl* v. *Evansville Foundry Ass'n*, 104 Ind. 70.

While the legal title remained in the guardian, one who should, in good faith, buy and acquire title from him, or take a mortgage from him on such property, without any notice of the ward's equity, would acquire superior rights therein. The utmost, however, that appellant can claim in the property is an equity.    His complaint proceeds on the theory that he has such equity, and that he is entitled to a decree declaring and enforcing it.    His equity can be of no higher character than that of the cross-complainant.    To the ward's equity has been added the legal title, vested in his trustee for his use.    Assuming the equities to be equal the legal title must prevail.

The court did not err in overruling the demurrer to the cross-complaint.

We find no error in the record, and the judgment is affirmed, with costs.

COFFEY, J., took no part in the decision of this cause.

Filed April 3, 1891.