Filed Oct. 16, 1891.

---

No. 14,833.

## MULL ET AL. *v.* BOWLES.

RESULTING TRUST.—*Evidence Establishing.*—*Quieting Title.*—When a resulting trust in land is claimed, and the evidence, while it does not show an express contract between the parties, does show that the relation of principal and agent existed between them, and that the land was purchased by the agent in the absence of the principal, and with her money, it is sufficient to create a resulting trust under the provisions of section 2976, R. S. 1881, and upon the death of the agent, the trust being terminated thereby, the principal is entitled to have her title to the land quieted.

From the Rush Circuit Court.

*B. L. Smith, W. J. Henley* and *F. J. Hall,* for appellants. *W. A. Cullen,* for appellee.

MILLER, J.—This action was brought by the appellee, Mary B. Bowles, against the appellants, who are her brothers and mother, to declare a trust and quiet her title to a tract of land. The complaint, which is in several paragraphs, avers that the property was purchased by her father, George Mull, Sr., in his lifetime, as her agent, and with her money.

The only material difference in the paragraphs is that in some of them it is charged that her father took the title to the land in his own name, in pursuance of an agreement with her to hold the same in trust for her; and by others that he took the title in his own name without her knowledge or consent.

A number of the heirs filed disclaimers; the others answered the complaint by a general denial.

A trial by the court resulted in a finding and judgment for the plaintiff.

The case is before us on the evidence, all other questions being waived by the failure of counsel to discuss them in their briefs.

There was evidence on the trial tending to show that in the year 1860 George Mull, Sr., conveyed to the appellee, then Mary B. Mull, a tract of land in Fulton county, as an advancement, in the sum of $1,200; that this land was held by her until sometime in the fall of 1882, when it was sold for $3,000; that she also received other advancements from her father, made to equalize advancements made to his other children; and that her father took her into partnership in running the farm on which they lived, from which partnership she received as her share of the profits an amount which, added to the other sums, gave her at the time the land in dispute was purchased a capital of about $6,000.

The evidence shows, without contradiction, that her father, during the whole period of time from 1860 down to the purchase of the land in 1882, acted as her agent in the management of her business affairs, such as loaning and collecting her money, entering satisfaction of mortgages, executed to her, in the mortgage records of the county; that prior to the purchase of the land in controversy, he called in several of her loans, stating at the time that he was doing so for the purpose of investing the money in land for her; that in the fall of 1882 he looked at several tracts of land, stating at the time that he wanted to make a purchase of land

for the plaintiff, and with her money in his hands; that at the time he bought the land, the title to which is in dispute, and prior and subsequent to that time, he stated to a large number of his neighbors, and to several members of his family, that he was purchasing the land with her money, and for her. These statements are not contradicted, but are in many respects corroborated by other evidence.

We are satisfied that the court was justified in finding that the land was purchased with her money, for her use and benefit, by her father acting as her agent.

It is claimed that the evidence fails to show any contract, or agreement, express or implied, between the appellee and her father, by which he agreed to hold the land in trust for her.

The trust relied upon in this action was of the class known as resulting trusts; such as are not only created by the express declaration of the parties, but also by virtue of a trust raised and created by implication of law.

" Trusts of this description are either implied, or presumed from the supposed intention of the parties, and the nature of the transaction; when they are known as ' resulting or presumptive trusts;' or they are raised independently of any such intention, and forced on the conscience of the trustee by equitable construction, and the operation of law; and such may be distinguished as ' constructive trusts.' " Hill Trustees, section 91.

While the evidence does not show an express contract between the parties, it does show that the relation of principal and agent existed between them, and that the land was purchased by the agent, in the absence of the principal, and with her money. This is sufficient to create a resulting trust under the provisions of section 2976, R. S. 1881. *Mitchell* v. *Colglazier,* 106 Ind. 464; *Riehl* v. *Evansville, etc., Ass'n,* 104 Ind. 70; *Ray* v. *Ferrell,* 127 Ind. 570.

If the agent, John Mull, Sr., took the title to the land in his own name, without the knowledge and consent of the

appellee, it would come within the first clause of the section cited, creating a trust where the " alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid."

We are, however, of the opinion that the declarations of the ancestor were sufficient, when taken in connection with the other facts, to justify the court in holding that there was an agreement between the parties, made without fraudulent intent, that George Mull, Sr., was to take and hold the title to the land for the use and benefit of the appellee.

The death of the father having terminated the trust, she was entitled to have her title to the land quieted and set at rest.

Judgment affirmed.

Filed October 15, 1891.