[L. A. No. 1029. Department One.—July 23, 1902.]

## MORTON DENNISON HULL, Appellant, v. JAMES W. CALKINS et al., Respondents.

EQUITY JURISDICTION—REFORMATION OF ·COMMISSIONER'S DEED—FORE-
CLOSURE OF TRUST DEED—ASSIGNMENT OF CONTRACT TO TRUSTEE—
OMISSION IN JUDGMENT.—A court of equity has no jurisdiction to
reform a commissioner's deed executed under the judgment in an
action to foreclose a trust deed, and an assignment to the trustee
of a valuable contract, by inserting the contract in the commission-
er's deed, which, by mistake of attorneys, was omitted from the
judgment. The mistake of the officer in the exercise of his power
might be rectified, but when he acts in accordance with the power
conferred by the judgment there is no mistake in his deed to be
corrected.

ID.—AMENDMENT OF JUDGMENT—FINDINGS—CLERICAL ERROR—POWER
OF COURT TO CORRECT.—Equity has no jurisdiction to amend the
judgment so as to insert the omitted contract therein, where the
pleadings, findings, and conclusions of law establish the right of the
trustee to have the contract sold. In such case the omission was
a mere clerical error, which the court could correct at any time.

APPEAL from a judgment of the Superior Court of Ven-
tura County. B. T. Williams, Judge.

The facts are stated in the opinion of the court.

Edgar W. Camp, and Sidney J. Parsons, for Appellant.

Calvert Wilson, for James W. Calkins, Trustee, et al., Re-
spondents.

Henley C. Booth, for R. B. Canfield, Polaski Bros., and A.
M. Ruiz, Special Administrator, etc., Respondents.

J. W. Taggart, and Grant Jackson, for E. C. Tallant, Re-
spondent.

Richards & Carrier, for Thomas R. More, and Mattie M.
Law, Respondents.

THE COURT.—This is an appeal by the plaintiff from a
judgment rendered against him on demurrer to the complaint.
The case as alleged is in substance as follows:—

April 7, 1888, one Alexander More was the owner of certain lands in the Sespe Rancho in the county of Ventura, and of a contract of the Pacific Improvement Company, agreeing to pay him one half of the proceeds of the sales of land conveyed to it by his deed of even date; and on that day executed to the defendant Calkins a deed conveying to him the lands and assigned to him the contract referred to, in trust to sell the same and with the proceeds to pay to himself—after the expenses of executing the trust—the sum of fifteen thousand dollars, with interest as provided, with the additional sum of ten thousand dollars, without interest, and the amount of a mortgage to one Dreyfus, the payment of which was assumed by him. But the deed was taken by Calkins as the trustee of Morton B. Hull, the plaintiff's assignor, who was the real beneficiary. The deed purports to convey to the grantee certain lands specifically described, and also all the right, title, and interest of the grantor in the Sespe Rancho. The land conveyed to the Pacific Improvement Company comes within the boundaries of the tract first described, but is excluded by specific description. It is, however, included in the Sespe Rancho. Subsequently orders were drawn on the trustee by More in favor of several parties for various sums, aggregating something over six thousand dollars; and to secure them another deed was executed by More to Calkins, purporting to convey to the latter all the right, title, and interest of the grantor in and to the Sespe Rancho (described as "being the same property described in" the former deed).

In the year following the above transactions More commenced a suit against Calkins, which upon his death was continued in the name of his administrator (one of the defendants in this suit), and resulted in the judgment considered in *More v. Calkins,* 95 Cal. 435;[1] in which case the judgment was affirmed, except as to the part thereof allowing the provision for the payment to the trustee of ten thousand dollars, which was held by this court to be void. By the judgment thus affirmed the trustee, Calkins, and one Baker, associated with him as commissioner, were directed to execute the power of sale contained in the deed to the former, and to discharge the trusts therein provided, and out of the proceeds (after paying the expenses of the sale) to pay the sums due to Calkins, amounting in the aggregate to $68,200, with in-

[1] 29 Am. St. Rep. 128.

terest, etc.,—less $1,591.17, the balance of rents in the hands of the trustee,—and thereafter the amounts of the several orders above referred to, and the balance to the plaintiff; "and [in the language of the complaint] thereupon followed a description of the property to be sold; which description truly described all the property and things transferred by said deed of April 17, 1888, except that it did not mention said contract." Under this judgment, the property therein described was sold and conveyed by the commissioners, September 7, 1891, for the sum of seventy-five thousand dollars, to one High, who had been employed by the plaintiff, then assignee of Morton B. Hull, to make the bid,—no mention of the contract being made in the deed.

But it is alleged that, in the conclusions of law on the facts found (which were substantially as above given), it was by the court "decided and ruled that said J. W. Calkins had full power and authority, under and by virtue of said deed of April 7, 1888, to sell . . . all the property mentioned in said deed of trust (including the contract with the Pacific Improvement Company), for the uses and purposes therein expressed, and to apply the proceeds thereof as directed in said deed," and out of the balance to pay the orders above mentioned; and it was ordered that judgment should be entered accordingly; but that the contract was omitted from the description in the judgment of the property to be sold, by mistake of Calkins's attorney, who supposed "that a sale of the said lands would transfer to the purchaser the said contract, and all the rights of the said Alexander S. More under said contract"; that all the parties to the suit and the judge, and also the commissioner appointed by the court, and the purchaser at the sale, participated in the mistake; that the commissioner and trustee supposed they were selling, and the purchaser, and his principal, Hull, supposed they were purchasing, the contract in question, with the rights of the plaintiff thereunder; and that the whole property including the contract was not worth over the amount bid.

The mistake, it is alleged, was not discovered until the year 1897; and there are other allegations explaining how it was that it was not sooner discovered; but these, under the view we take of the case, need not be considered. The prayer of the complaint is for the amendment of the judgment by in-

cluding in the description of the property to be sold the contract in question, and for a similar reformation of the commissioners' deed.

It is assumed, and in fact alleged, in the complaint that the sale of the lands described in the judgment—which included in the general description of the Sespe Rancho the lands previously conveyed to the Pacific Improvement Company—did not operate to transfer the contract with that company, or the rights of More to the payments therein stipulated; and—as otherwise the plaintiff would have no cause of action—this assumption must, for the purposes of this appeal, be admitted. Assuming, then, this to be the case, the object of the suit is not only to amend the judgment, but to reform the commissioners' deed, by making it purport to convey property that had not been sold, and which the commissioners were not authorized by the writ to sell. This, it is obvious, cannot be done. Where there is a mistake in a conveyance by the owner of the land himself, or by his agent, the deed may be reformed. But the commissioners to sell were not the agents of the plaintiff, except to the extent of the power conferred upon them by the order of sale; and there was therefore lacking that essential element to the reform of a contract, an actual contract to be embodied in the reformed instrument. A sheriff's or other officer's mistakes in the exercise of his power may doubtless be rectified; but when he acts in accordance with his power there is no mistake to be corrected or contract to be reformed. (Code Civ. Proc., sec. 684; *Heyman* v. *Babcock,* 30 Cal. 367, and 2 Notes on Cal. Rep. 580; *Miller* v. *Kolb,* 47 Ind. 220; *Armstrong* v. *Short,* 95 Ind. 331; *Conyers* v. *Mericles,* 75 Ind. 443; *McCasland* v. *Ætna etc. Ins. Co.,* 108 Ind. 130; *Ray* v. *Ferrel,* 127 Ind. 570; *Davenport* v. *Sovil,* 6 Ohio St. 459.)

Many cases are cited by the appellant's counsel in support of his contention to the contrary, but none have application to this case. In one of them a mortgage was reformed (*Blodgett* v. *Hobart,* 18 Vt. 415); in others a judgment amended and a resale ordered (*Snyder* v. *Ives,* 42 Iowa, 157; *National Bank* v. *Wentworth,* 28 Kan. 183; *McClure* v. *Bruck,* 43 Minn. 305); and in another the successors of the judgment debtor were, upon the facts of the case, enjoined from interfering with the purchaser. (*Waldron* v. *Letson,* 15 N. J. Eq. 126.)

In three of them only was there an amendment of a sheriff's deed, (*Quivey* v. *Baker*, 37 Cal. 465; *Greeley* v. *De Cottes*, 24 Fla. 475; *Parker* v. *Starr*, 21 Neb. 680). In these cases, as in the case of *Waldron* v. *Letson*, the equities of the case were very strongly in favor of the purchaser or his successors in interest, and, as in that case, may have justified the actual decision; but it is difficult to perceive on what recognized principle of equity the court was justified in amending the sheriff's deed. But whatever may be the merits of those decisions, they differ from the case at bar in two essential circumstances that render them inapplicable here.

Of these, one was, that there was not in any of them any mistake as to the property intended to be sold, and in fact sold, which, in the case first cited at least, and probably in the others, was pointed out by the sheriff to the bidders on the ground. The property intended was therefore, it may be said, itself sold, though by a mistaken description; and there was some color for the application of the maxim, *Præsentia corporis tollit errorem descriptionis.* But here the mistake of the judgment was not in describing the property to be sold, but in omitting to provide for the sale of a part of the property that might have been sold.

The other difference between the cases is, that in the cases cited the mistake occurred originally in the mortgage, from which it was carried into the foreclosure proceedings; and this feature of the case in *Quivey* v. *Baker*, 37 Cal. 472, furnished the ground of the decision,—the court saying: Equity "will not only go back to the original error and reform it, but will administer complete justice, by correcting all subsequent mistakes which grew out of and were superinduced by the first." But here there was no mistake in the trust deed, but merely a mistake of the judge, superinduced by the mistake of the attorneys of the defendant, and in the production of which the plaintiff in no way participated. The ground of the decision in those cases is therefore lacking here.

There still remains the question whether the suit can be maintained for the purpose of amending the judgment; and this, we think, must also be answered in the negative. The alleged mistake is a mere clerical error, appearing on the face of the record, and, as appears from the authorities cited by the appellant's counsel, could be corrected by the court at

any time; nor does it appear that the interests of others are affected than parties to the suit, or parties represented in the suit by them. There is lacking, therefore, any ground for the interference of equity. The cases in which equity will interfere, notwithstanding the existence of a legal remedy, are all, we believe, cases of original equity jurisdiction, where the jurisdiction at law was subsequently acquired. Our attention has not been called to any case where courts of equity have intervened to correct merely clerical errors.

For the reasons given the judgment appealed from must be affirmed, and it is so ordered.

Hearing in Bank denied.